NEW-YORK,
May, 1814.

BELL
v.
DOLE.

BELL *against* DOLE.

IN ERROR, on *certiorari*, from a justice's court. *Dole*, as clerk of *Rensselaer* county, sued *Bell*, in debt, for the penalty of 25 dollars, given by the 13th section of the act of the 2d of *April*, 1801, (sess. 24. c. 113., sess. 36. c. 13. 1 *N. R. L.* 384.) concerning oaths. Upon the evidence before the justice, it appeared that *Bell*, being a judge of the court of common pleas of *Rensselaer* county, on the 4th of *March*, 1813, administered the oaths of office to *Henry Fellers*, a lieutenant in a rifle corps, but did not file the oaths in the clerk's office, until the 4th of *October* following, being more than six months. Under the above statute, the persons authorized to administer oaths, were those named in a *dedimus potestatem*, of whom the defendant was not one. But by an act of 1809, (sess. 32. c. 141.) judges of the respective counties are, among others, made, *ex officio*, commissioners for administering oaths to persons appointed to office. Upon this testimony, the court below gave judgment for the plaintiff, for 25 dollars and 43 cents costs.

A person who has administered an oath under the authority given by the act, (sess. 32. c. 14. See 1 *N. R. L.* 85.) without his name being inserted in a commission of *dedimus potestatem*, is not liable to the penalty given by the act of the 2d of *April*, 1801, (sess 24. c. 11., s. 13.) for not filing the oath within 6 months. (And see 1 *N. R. L.* 385. sess. 36. c. 13.)

*Per Curiam.* By the act of 1801 persons appointed to office are directed to take and subscribe the necessary oaths before such persons, as shall be appointed for that purpose, in the nature of a *dedimus potestatem*. The act also directs how such oaths are to be disposed of when taken; and in the section under which the present action is brought, declares, that if *any person whose name is inserted in the commission of dedimus potestatem*, shall not make return of the rolls, &c. within six months, he shall forfeit 25 dollars. It was not under this act that the defendant derived his authority to administer oaths; but under the act of 1809, (sess. 32. c. 141., sess. 36. c. 13. 1 *N. R. L.* 385.) which extends the power to the judges of the respective counties. This act directs the rolls to be disposed of in the same manner as prescribed in the former act, but does not extend the penalty for neglect. It is a settled rule, that penal statutes are to be construed strictly, and not extended by implication. Under this rule of construction, the penalty given by the act of 1801 cannot be extended to persons not

NEW-YORK,
May, 1814.

named in the *dedimus potestatem*.   The judgment must, accord-ingly, be reversed.

Judgment reversed.(*a*)

(*a*) By the 10th section of the act of the 25th of *February*, 1813, (sess. 36. c. 13. 1 *N. R. L.* 85.   concerning oaths, the lieutenant governor, chancellor, secretary of state, attorney general, mayors, recorders, and clerks of cities, and the judges and clerks of the several counties, are declared to be, *ex officio,* commissioners for administering the oaths of office to civil and military officers; and by the 13th section of the same act, all the persons named as such commissioners, *ex officio,* are to return the rolls, &c. within 6 months.   The act is silent as to the former practice of issuing a special commission in the nature of a *dedimus potestatem,* for the pur-pose of administering oaths of office.