THE HEALTH DEPARTMENT OF THE CITY OF NEW YORK, Respondent, v. ADAM KNOLL, Appellant.

A penalty cannot be raised by implication, but must be expressly created and imposed by statute.

An action cannot be maintained by the health department of the city of New York to recover a penalty for an omission of the owner of premises to comply with a *special* order of the department relating thereto ; no penalty is now prescribed by law for such omission.

The provision of the act of 1873 (chapter 757, Laws of 1873), supplementary to the city charter of that year (chapter 335, Laws of 1873), conferring upon the health department and the board of health, as far as the city of New York is concerned, the authority, duties, and powers vested in the Metropolitan board of health by the act of 1866 (chapter 74, Laws of 1866), creating that board, and the subsequent acts relating to it, does not include the penalties imposed by said acts ; they are no part of the authority, duty or power.

*It seems*, that the board of health has power to make a special order for the ventilation or other improvement of particular premises when in a condition dangerous to life or health, and when the case is not provided for by the sanitary code; and the board has ample authority to cause such orders to be executed : the existence of a penalty for its violation is not essential.

(Argued June 22, 1877; decided September 25, 1877.)

APPEAL from judgment of the Court of Common Pleas for the city and county of New York, affirming a judgment

of the District Court in the third judicial district of the city of New York in favor of plaintiff.

This action was brought to recover a penalty for an alleged violation of a special order made by the board of health of the city of New York.

Defendant was the owner of certain premises in said city, which the board of health declared a nuisance and dangerous to life and health, and ordered that the privy vault " be ventilated by means of an eight-inch earthen-ware pipe." This order defendant did not comply with.

Defendant's counsel moved for a nonsuit on the ground, among others, " that the plaintiff has no right to sue in the name or in the manner in which it does," and " that the plaintiff has no right to sue for any penalty," which motion was denied and defendant's counsel excepted.

*George F. Langbein*, for the appellant. Plaintiff was bound to make out a proper and necessary case for making the order, by showing facts. It has not uncontrollable and arbitrary discretion. (*Rodgers* v. *Barker*, 31 Barb., 447; 1 R. S. [4th ed.], 851; *Met. Bd. of Health* v. *Heister*, 31 N. Y., 670; *Cooper* v. *Schultz*, 32 How Pr., 121, 122; *Ex parte Mayor of Albany*, 23 Wend., 27; *Tribune Assn.* v. *Sun P. & P. Assn.*, 7 Hun, 175; *Underwood* v. *Green*, 42 N. Y., 104; *Nat. Bk. of Chemung* v. *City of Elmira*, 53 id., 54.) The fact of the danger to public health or of there being a public nuisance is jurisdictional, and without its existence the board of health cannot act. (*Coe* v. *Schultz*, 47 Barb., 64; *Miller* v. *Rosiseter*, 4 E. D. S., 234; *People* v. *City of B'klyn*, 21 Barb., 481; *Adams* v. *Ives*, 1 Hun, 457; *Tripp* v. *Cook*, 26 Wend., 143, 152; *Hogan* v. *Devlin*, 2 Daly, 184.) Plaintiff had no right or power to make a special order in this case or at all. (Laws 1866, chap. 74, § 20; Laws 1866, chap. 686, § 1; Laws 1867, chap. 956, § 10; Laws 1873, chap. 335, § 26; *People* v. *Jackson*, 4 N. Y., 375; Laws 1873, chap. 757, § 12, 1125; *Health Dept.* v. *Pinckney*, N. Y. C. P., June 4, 1877.) There was and is no penalty by any existing law for the

violation of a special order. (*Kneib* v. *People*, 50 How. Pr., 140; 6 Hun, 238.) If there were a penalty, plaintiff had no right or power to sue for it. (*Bodmie* v. *Funnell*, 1 Wils., 233; Laws 1873, chap. 335, art. 6, § 38; 1 Burr., 235; 2 Kyd., 157; 9 Ad. & El., 356; *Williamson* v. *Comm.*, 4 B. Mon., 146, 151; Laws, 1874, chap. 636.) The nuisances intended to be under the control of the board of health are such as are nuisances of themselves, or are likely to become so. A privy vault is not such a nuisance. (*Rogers* v. *Barker*, 31 Barb., 447; Jacob's Law Dict. and 2 Roll. Abr., 83; Hawk Book 1, p. 197, § 1; Laws 1876, chap. 956, § 6; *Coe* v. *Schultz*, 2 Abb. Pr. [N. S.], 196; *Gregory* v. *Mayor, etc.*, 40 N. Y., 273; 7 Hun, 175.) The laws applicable to and creating the health department of the city of New York are unconstitutional and void. (*Hudson* v. *Caryl*, 44 N. Y., 533; 31 Barb., 447; 42 N. Y., 410; 7 Hun, 175; *Mayor, etc.*, v. *Bd. of Health*, 31 How. Pr., 385; *Moody* v. *Bd. Suprs. Nia. Co.*, 46 Barb., 659; *Cooper* v. *Schultz*, 32 How. Pr., 107, 122, 123; *Coe* v. *Schultz*, 47 Barb., 64; *Brady* v. *Weeks*, 3 id., 157; *Catlin* v. *Valentine*, 9 Paige, 557; *People* v. *Comrs.* 27 Barb., 94; *Allen* v. *Crowfut*, 5 Wend., 506; *Jones* v. *Reed*, 1 J. Cas., 20; *Mills* v. *Martin*, 19 J. R., 23; *Stone* v. *Mayor, etc.*, 25 Wend., 157; *Johnson* v. *Moss*, 20 id., 148; *In re Mt. Morris Square*, 2 Hill, 9; *People* v. *Bd. of Health*, 33 Barb., 344; *Mullins* v. *People*, 24 N. Y., 399; *Nat. Bk.* v. *City of Elmira*, 53 id., 59; *Charles River Bridge* v. *Warren Bridge*, 11 Pet., 420; 9 W. & S., 1; 1 Harr. [Penn.], 133; A. & A. on Corp., 53; Man. of Corp. of N. Y., 1858, 18, 23; Kent's Charter, 10, 26, 93.)

*W. P. Prentice*, for the respondent. Plaintiff was authorized to make the special orders for the violation of which the penalties in this action were claimed. (*Heister* v. *Met. Bd. of Health*, 37 N. Y., 661; *Van Wormer* v. *Mayor, etc.*, 15 Wend., 263; *People ex rel. Cox* v. *Justices of Special Sessions*, 7 Hun, 214; *City of B'klyn* v. *Breslin*, 57 N. Y., 591;

· *Wenzler* v. *People*, 58 id., 516; *People ex rel. Outerwald* v. *Green*, 56 id., 416.)

ANDREWS, J.   We think this action cannot be maintained, for the reason that no penalty is now prescribed by law for the omission of the owner of premises to comply with a special order relating thereto, made by the health department of the city of New York.

The present health department was created by chapter 335 of the Laws of 1873, known as the City Charter. Its organization and powers are defined in sections 80, 81 and 82.   The principal duty and authority imposed upon and granted to the board by the act is found in section 82, which makes it the duty of the board, " immediately upon. organization under this act, to cause to be conformed to this article the sanitary ordinances then or lately adopted by the existing department of health, which shall be called the Sanitary Code," and authorizes the health department to add additional provisions for the security of life and health, which additions are directed to be published.   The section then proceeds: " Any violation of said code shall be treated and punished as a misdemeanor, and the offender shall also be liable to pay a penalty of fifty dollars, to be recovered in a civil action in the name of the mayor, aldermen, and commonalty of the city of New York."   Section 119 contains this provision: " And the city of New York is hereby excepted from the provisions of the act entitled ' An act to create a metropolitan sanitary district and board of health therein, for the preservation of life and health, and to prevent the spread of disease,' passed February 26, 1866, and of the acts amendatory thereof, and any sections of statutes and provisions of law which created said district are hereby repealed."

The supplementary act (chapter 757 of the Laws of 1873) amended section 82 of the original act (chapter 335 of the Laws of the same year), and greatly extended and enlarged the powers of the board by adding thereto the following

provision: "The authority, duty, and powers conferred or enjoined upon the metropolitan board of health by chapter 74 of the Laws of 1866 (passed February 26, 1866), and the several acts amendatory thereof, and by any other subsequent laws of this State, and upon the several officers and members of said board not inconsistent with the provisions of this act, are hereby conferred upon and vested in, or enjoined upon, and shall hereafter be exclusively exercised in the city of New York by the health department and board of health created by this act, and by the officers of the said board of health and the said health department, and the same are to be exercised in the manner specified in the said chapter 74 of the Laws of 1866, and the several acts amendatory thereof, etc., and in conformity with the provisions of this act."

No penalty was imposed by the act of 1873 creating the present board of health, except in a single case, viz.: the violation of the Sanitary Code. The Sanitary Code was first enacted pursuant to the twentieth section of chapter 74 of the Laws of 1866, and the tenth section of chapter 956 of the Laws of 1867, under the metropolitan district system. The section last referred to declares that the code of sanitary ordinances which the metropolitan board of health was, by the act of 1866, authorized to enact, "may embrace all matters or subjects to which, and so far as the power and authority of said board of health extends." The code enacted by the metropolitan board of health, so far as it was applicable to the city of New York, has been continued in force by subsequent legislation, subject to the powers vested in the present health department of the city to add to or amend the same. It now consists of 188 sections, and embraces regulations on a general variety of subjects connected with the protection of the public health. It prescribes the duties of individuals in the use and care of their property and tenements; regulates the construction, ventilation, and drainage of buildings and lands; provides securities against the spread of infectious and contagious diseases; in short, it is the permanent

code of health laws, covering all the ordinary contingencies and circumstances, which require the intervention of public authority for the security of life and health. The violation of this code is made, by the act of 1873, a misdemeanor, and subjects the offending party to the penalty therein prescribed. No penalty is expressly imposed for the violation of a special order of the present board. If any penalty exists for such violation, or for an omission to comply with a special order, it must be for the reason that the amendment of the original charter of 1873, which confers upon the present board of health " the authority, duties, and powers " vested in the metropolitan board *ex proprio vigore*, re-enacts all the penalties given in the acts creating that board; and this is what is claimed by the plaintiff to be the effect of that amendment.

This construction is not admissible. Section 20 of the act chapter 74 of the Laws of 1866, as amended by chapter 686 of the Laws of 1866, contains this clause: "And every person, body, or corporation that shall violate or not conform to any ordinance, rule, sanitary regulation, or *special* or general order of *said* board duly made, shall be liable to pay a penalty not exceeding fifty dollars for each offense," etc. The power of the present board to make a special order for the ventilation or other improvement of particular premises in a condition dangerous to life or health, when the the case is not provided for by the Sanitary Code, cannot be questioned. This power was clearly given to the metropolitan board by the fourteenth section of the act of 1866, and was vested in the present board by the act of 1873. But the penalty given by the act of 1866 for a violation of a special order of the metropolitan board was no part of the " authority, duty, or power " vested in that board. It was imposed by the law as a punishment upon the offender. The imposition of the penalty was, in a sense, in aid of the execution of the order, and tended to insure compliance on the part of the person to whom it was directed. So, also, did the provision in the thirtieth section of the act of 1866, which declared certain acts to be misdemeanors. But it cannot be

claimed that offenses made such by that act survived its repeal, and are saved by the clause conferring upon the present board the "authority, duty, and powers" possessed by the former one. Again, the rule is well settled in accordance with the general rule of construction of penal statutes, that a "penalty cannot be raised by implication, but must be expressly created and imposed." (*Jones* v. *Estis*, 2 J. R., 379; *Bell* v. *Dole*, 11 id., 173).

The Legislature in the act of 1873 expressly imposed a penalty in one of the cases provided for in the twentieth section of the act of 1866, viz.: for a violation of the Sanitary Code. It omitted to impose a penalty for a violation of a special order. The Legislature considered the subject of penalties. Can we say that the omission was not designed, and may not the Legislature have considered that only the violation of the permanent code of health laws should constitute a public offense, and subject the offender to a penalty? The existence of a penalty for the violation of a special order is not essential to the execution of the powers conferred upon the board. Ample authority is given to the board in the statutes to cause their orders to be executed by their own officers, and to collect the expenses from the persons or out of the property affected by them.

For these reasons we are of opinion that this action cannot be maintained, there being no penalty given by law for the omission of the defendant to comply with a special order of the present board of health.

The other questions need not be considered. Many of them were involved in the case of *The Metropolitan Board of Health* v. *Heister* (37 N. Y., 661), and were there considered and decided, and that case should be regarded as settling the law upon the points involved in the decision.

The judgment should be reversed, with costs.

All concur, except RAPALLO, J., not voting.

MILLER, J., concurs in result.

Judgment reversed.