Fire Department of New York *v.* Braender.

THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, Respondent, *against* PHILLIP BRAENDER, Appellant.

(Decided December 6th, 1886.)

The defendant submitted to the superintendent of buildings of New York City, pursuant to the act of 1885 (L. 1885 c. 456 § 30), specifications and plans of buildings which he proposed to erect. The plans were approved, and the buildings were erected in full compliance therewith, save as to the thickness of the chimney breasts, which were built twenty inches instead of twenty-eight inches thick. *Held,* that as the statute contained no provisions fixing the thickness of chimney breasts, defendant was not liable to the penalty therein provided (§ 505), for erecting buildings in violation of the methods of construction required by the statute. A penalty must be expressly created and imposed by statute; it cannot be raised by implication.

APPEAL from a judgment of the District Court in the City of New York for the Third Judicial District.

The facts are stated in the opinion.

*W.* and *H. Bartlett,* for appellant.

*W. L. Findley,* for respondent.

PER CURIAM. — [Present, VAN HOESEN and ALLEN, JJ.] — The defendant submitted to the superintendent of buildings, pursuant to section 30, chapter 456, of the Laws of 1885, specifications and plans for five new buildings which he proposed to build on East 72d Street. These specifications and plans were approved by the superintendent of buildings, and required that the chimney breasts in the party walls of the buildings should be twenty-eight inches in thickness. The defendant then erected his buildings in compliance with these plans and specifications in every particular, except that he built the chimney breasts twenty inches instead of twenty-eight inches in thickness.

The following question is presented for decision:

Is the defendant liable to a penalty for constructing the chimney breasts twenty inches in thickness when his plans

and specifications showed chimney breasts twenty-eight inches in thickness?

Chapter 456 of the Laws of 1885, under which a penalty is claimed, contains no provision which fixes the thickness of chimney breasts in buildings. Section 505 of that chapter provides a penalty for erecting buildings in violation of the methods of construction required by the said act; and also a penalty for any violation of the provisions of the title. It is therefore plain that no penalty is created and imposed for non-conformity to the plans and specifications filed and approved in the matter of the thickness of chimney breasts.

The argument that the provision of the building law requiring the filing and approval of plans before building necessarily involves a requirement that the building shall be erected in accordance with the approved plans and specifications, and a variance therefrom is a violation of the act, and the plaintiff's proposition that because a building does not conform in some particular with the plans and specifications filed and approved, therefore the building has been erected without filing the plans and specifications and procuring their approval, are in conflict with the law as laid down in *Health Department* v. *Knoll* (70 N. Y. 536). In that case it is held that a penalty must be expressly created and imposed by statute and cannot be raised by implication.

There is no penalty given by the statute for the act complained of and, therefore, the judgment must be reversed.

Judgment reversed.