## McCOMB v. BELKNAP.

(Supreme Court, Special Term, New York County. December, 1892.)

1. CORPORATIONS—PERSONAL LIABILITY OF TRUSTEES.

The personal liability of a trustee for corporate debts imposed by Laws 1848, c. 40, § 12, on the failure of the trustees to file their annual report within the first 20 days of January, as required by said statute, will not be enforced where plaintiff's claim is $230,000, and the report was filed on April 30th following the January when it should have been filed, and the evidence shows that plaintiff's condition was in no way altered or affected by the delay in filing the report.

2. SAME—INCORPORATION UNDER PARTICULAR STATUTE—RECITALS OF CERTIFICATE.

The fact that a certificate of incorporation recites that it was under the manufacturing corporations act, (Laws 1848, c. 40,) when the corporation is of a character not authorized by such act, does not bring the corporation within the provisions of that act.

3. SAME—EXTENSION OF STATUTE—EFFECT ON PENAL PROVISIONS.

Laws 1848, c. 40, § 12, (manufacturing corporations act,) makes the trustees of corporations formed thereunder personally liable for corporate debts in case they fail to file annual reports. Laws 1871, c. 535, entitled "An act to extend the operation and effect of" the act of 1848, provides that corporations for the purpose of buying and improving real estate may be organized "in the manner specified and required in" the act of 1848, and that a "corporation so formed shall be subject to all of the provisions and obligations of" the said act of 1848. Held, that the trustees of corporations specified by the act of 1871, though required to file annual reports, are not subject to the penal provision of the act of 1848 in case of their failure to file such reports.

Action by James J. McComb against Robert L. Belknap to charge defendant, as a trustee of the Madrid Apartment Association, with personal liability for the debts of said association because of the failure of the trustees to file the annual report required by Laws 1848, c. 40, § 12. Judgment for defendant.

Before FRANCIS LYNDE STETSON, Esq., Referee.

Martin & Smith, (George A. Strong, of counsel,) for plaintiff.
De Forest & Weeks, (George H. Adams, of counsel,) for defendant.

STETSON, R. After long and careful consideration, though not without lingering doubt as to soundness of the point taken by the learned counsel for the defendant, I have concluded to grant his motion for a dismissal of the complaint solely upon the ground that the defendant is not subject to the penalties imposed by the twelfth section of the manufacturing corporations act of 1848, (chapter

40.) I have reached this conclusion—First, because the point, if well taken, is decisive in favor of the defendant, and, if apparently sound, may properly be entertained by the trial court with a view of saving the expense of presenting subordinate issues in the case; second, because the decision on this point, if erroneous, can be quickly and easily reviewed and reversed on appeal without embarrassment to the subsequent trial of the other issues which then will become important; and, thirdly, because it seems to me that substantial justice will be promoted by a dismissal of the complaint. It is sought to charge the defendant, as trustee of the Madrid Apartment Association, with more than $230,000, solely because there was not filed during the first 20 days of January, 1885, a report which, on April 30, 1885, was filed by three of his cotrustees, showing that the association owed $230,000, and that its total capital stock had been paid in in cash. So far as the evidence shows, the plaintiff's condition was in no wise altered or affected by the delay in filing this report, and the close relation of the plaintiff to the enterprise from the early summer of 1883, and for nearly a year before defendant was elected trustee, warrants the belief that during all that time he knew the actual condition of the company quite as well as did the defendant. The claim, therefore, is one that depends upon the strict letter of the statute, and involves no equitable considerations. If the plaintiff's claim had been but $1, that would have been the measure of the defendant's punishment; but, because the claim happened to be $230,000, the penalty of the statute applied to this case would rise to a sum in comparison with which the largest pecuniary amercement for the greatest of crimes sinks into contemptible insignificance. It may possibly be the duty of some court thus to crush this defendant for his purely technical default, but, in absence of controlling authority, I cannot conclude such to be my obligation, and the few authorities cited before me either leave the question in doubt, or fairly justify a conclusion in favor of the defendant.

The principal question is whether the twelfth section of the act, chapter 40 of the Laws of 1848, applies in respect of this defendant. The section does so apply unless its highly penal character checks the implications necessary to apply it to the defendant's case. My decision, therefore, turns upon a consideration—First, of the acknowledged, adjudicated, and dreadfully apparent penal character of the statute, (Gadsen v. Woodward, 103 N. Y. 242, 8 N. E. Rep. 653;) and, second, of the equally well-settled rule of law that the penalty thus imposed is of the kind that is not to extend by implication to any case not embraced in the terms merely because apparently within the policy of the statute, (Bonnell v. Griswold, 80 N. Y. 128, 136; Whitaker v. Masterton, 106 N. Y. 277–281, 12 N. E. Rep. 604.) The subordinate questions are: (1) Was the Madrid Association organized under the act of 1848? and (2) if not organized under the act of 1848, was this penal provision of that act carried into the act under which the association was organized?

1. Answering these questions in their order, I observe the incorporators of the association filed their certificate in terms under the law of 1848, and, if their voluntary act were of legal consequence, the defendant would be subject to that law; but, obviously, the operation of the statute must depend upon the intent of the legislature, and not upon any assumption by the incorporators. The law of 1848 did not authorize the formation of an association for the erection of apartment buildings. Therefore the original act did not of itself and by its own terms comprehend the Madrid Apartment Association. The act, chapter 535 of the Laws of 1871, entitled "An act to extend the operation and effect of the act of" 1848, under which only it became possible to incorporate the Madrid Association, did not amend the act of 1848, but merely authorized three or more persons "to organize themselves into a corporation in the manner specified and required by the act of 1848, and provided that "the corporation so formed shall be subject to all the provisions and obligations of the act aforesaid, and the acts amendatory thereof." No other reference is made to the act of 1848. I am unable to conclude that the Madrid Association, organized under this law of 1871, was formed under the act of 1848. As already observed, nothing in the body of the law of 1871 amends the act of 1848, and the call of the title of the later law is fully satisfied by extending to corporations formed thereunder all the provisions which the body of the law in terms borrows from the former act. Besides, this is a general law, in respect of which there is no constitutional requirement as to the title, so that the title need not be considered as controlling the body of the law; and, in my opinion, the body of the law is not so ambiguous as to require reference to the title to explain, much less to enlarge, its meaning. See People v. Wood, 71 N. Y. 374; People v. Davenport, 91 N. Y. 585. I am aware that in considering another statute of this same class, Judge Learned, reviewing many similar extensions of the act of 1848, declined to say that a corporation formed under such a law was not formed under the act of 1848, (Wakefield v. Davidson, Third Dept., Sept., 1877, 5 Wkly. Dig. 454,) and in another such case (People v. Ice Co., 99 N. Y. 181, 1 N. E. Rep. 669) Judge Danforth referred to such a company indifferently as being formed—First, (page 182, 99 N. Y., and page 669, 1 N. E. Rep.,) "under the manufacturing act," and, second, (page 184, 99 N. Y., and page 670, 1 N. E. Rep.,) "under the act of 1855." Neither of these observations, however, amounts to a direct decision of the point, and, in absence of such decision, I shall not conclude that a corporation first authorized by the law of 1871 was formed under the act of 1848. Certainly I shall not so hold for the purpose of imposing a penalty.

2. Neither can I hold that the law of 1871, which nowhere refers to a penalty, impliedly adopted that provided by section 12 of the act of 1848 for trustees in default under that section of that law. It is the settled law of this state that a corporation and all the stockholders of a corporation formed under a law such as this are subject to the provisions of the act of 1848. Wakefield v.

Fargo, 90 N. Y. 216. It is also true that the trustees of such a corporation are bound to perform all the duties imposed upon the corporation by the act of 1848, and that the duty of filing an annual report is imposed upon the corporation itself to be performed in its behalf by its trustees. Cornell v. Roach, 101 N. Y. 375, 5 N. E. Rep. 52. It follows, in my opinion, that it was the duty of the trustees of the Madrid Association to file the annual report required of the corporation by the twelfth section of the act of 1848, to this extent adopted by the law of 1871, and the sole remaining question is whether a failure to perform this corporate duty subjected the trustees to the penalty imposed by the same section. Ordinarily it would be quite absurd to split a section of a statute adopted by implication into a later law, and, without any expressed provision to that effect, to hold that the first half of the former section had been, while the latter half had not been, adopted. I am not wholly satisfied that in the present case the law authorizes such a course, but to avoid injustice, and in view of the established rule that the law does not imply a penalty where none is expressly provided, as well as in view of the obvious fact that the law of 1871 does not say one word about penalties, I shall here apply the general rule, and conclude that no penalty is imposed by the act of 1871 upon trustees of corporations formed thereunder. Such a conclusion is not forbidden by the decision in Wakefield v. Fargo, 90 N. Y. 216, for on the first hearing of that cause at general term (Third Dept., Sept. 1877, 5 Wkly. Dig. 454) Judge Learned was careful to observe that "the liability claimed in this case [a stockholder's liability] is not in the nature of a penalty or forfeiture, and does not exist solely as a liability imposed by statute." In the arguments before the court of appeals, Judge Peckham, for the appellant, assumed, (90 N. Y. 215,) and Mr. Hale, for the respondent, apparently conceded, (page 216,) that, if the liability then considered were penal in its nature, it could not be imposed. On the other hand, there are many authorities apparently justifying my application of the rule that penalties are not to be implied. Jones v. Estis, 2 Johns. 380, if not conclusive, is strongly persuasive in this direction, and support is given by the cases of Bell v. Dole, 11 Johns. 173; Health Dept. v. Knoll, 70 N. Y. 536; Curtis v. Leavitt, 17 Barb. 339; and Bonnell v. Griswold, 80 N. Y. 128. Against these authorities and this rule of strict construction the learned counsel for the plaintiff has pleaded that "a statute which is penal to some persons, provided it is beneficial generally, may be equitably considered." This dictum from an early case has met with some limitation, (Suth. St. Const. § 359; Endl. Interp. St. § 333,) and does not answer the question whether the legislature of 1871, having before them the penalty on trustees imposed by the twelfth section of the act of 1848, intended to apply that penalty to the new class of corporations by providing only that such "corporation so formed shall be subject to all the provisions and obligations of the act aforesaid." The question becomes important in view of a line of cases cited by the learned counsel, and especially two not cited by him,

(In re Coy, 31 Fed. Rep. 794–800; U. S. v. Lacher, 134 U. S. 624, 10 Sup. Ct. Rep. 625,) relaxing the cited rule of strict construction in the case of penal statutes. While the doctrine of these cases challenges the certainty of my conclusion, it does not affect my sense of the inherent injustice of this penalty, or of its application in this case, and I feel authorized to follow the lead of the earlier decisions of the courts of this state. The statute of 1871 being absolutely silent as to penalties on trustees, and preserving only the "provisions and obligations of the corporation," the conclusion that the legislature intentionally omitted this harsh penalty is quite as well warranted as the forced presumption that the intent was to continue it. With respect to the learned counsel's suggestion that this decision may effect many other cases, it is now enough to observe—First, that each of those cases, must be decided on its own facts; and, second, that all similar claims more than three years old, not already in suit, are outlawed, and that no new claims can arise of a date subsequent to the 1st day of May, 1891, when the act of 1848 and its various extensions forever passed away. Laws 1890, c. 564, § 73; Id. c. 567, § 24, p. 1175. I hold and decide that the complaint be, and it is hereby, dismissed on the merits on the specific ground that the penalty imposed by the twelfth section of the act, chapter 40 of the Laws of 1848, does not apply in respect of trustees of corporations formed under the act chapter 535 of the Laws of 1871.