D. Ormonue Ritchie, J.
In this action for a declaratory judgment the court is asked to determine the constitutionality and validity of a regulation promulgated by the Suffolk County Department of Health (for the purpose of brevity, hereinafter called the Department) establishing a minimum distance between sewage and waste disposal systems (hereinafter called cesspools) and private water supply systems (hereinafter called wells) as a requisite of approval by the Department of wells installed in privately owned residential property. In addition to an adjudication on the validity of the regulation, plaintiff seeks injunctive relief restraining the Department from enforcement of the regulation.
In urging the invalidity of the regulation, plaintiff asserts: (1) that the authority vested in the Department is limited to the promulgation of rules regulating cesspool and well installations to subdivisions of five or more dwellings; (2) that the minimnm distance regulation is without sound foundation in fact or science and is therefore arbitrary and unreasonable; and (3) that enforcement of the regulation operates to deny the plaintiff of a reasonable and profitable use of its property thus *895 constituting a deprivation of plaintiff’s property without due process of law.
In controversion of plaintiff’s assertions, the defendants contend that the regulation challenged is one permitted to he promulgated by the Department by virtue of the authority delegated to it by the pertinent sections of the Public Health Law; that the regulation is reasonable in that it is designed to promote public health and safety; and that the regulation is a reasonable application of the police power vested in municipalities for the promotion of the health and welfare of its inhabitants. The issues are clearly defined and the evidence and law pertinent to the contentions of the respective parties were presented by skilful and able counsel. The issues will be determined seriatim.
The evidence pertinent to the first issue, i.e., the authority of the Department to promulgate the regulation challenged is wholly documentary.
Section 340 of the Public Health Law authorizes the establishment of County Health Districts. Section 347 of the Public Health Law fixes the powers and duties of such districts among which is delegated the authority to ‘1 formulate, promulgate, adopt and publish rules, regulations, orders and directions for the security of life and health in the health district which shall not be inconsistent with the provisions of this chapter and the sanitary code ”. (State Sanitary Code.) In pursuance of its interpretation of the authority delegated to it by section 347, the Department adopted standards for sewage and waste disposal systems relating to residential subsurface systems, and therein fixed the minimum distance of separation of cesspools and wells at 100 feet. Plaintiff insists that this regulation is inconsistent with the provisions of the State Sanitary Code in that the regulation herein challenged is restricted in application to developments of five dwellings or more by the provisions of the State Sanitary Code, and that since the regulation adopted by the Department is by the language of section 347 of the Public Health Law submissive to the restrictions of the State Sanitary Code, it is inapplicable to a privately owned individual parcel of property upon which is proposed to be erected a single dwelling and therefore is invalid.
Provisions and regulations pertinent to drinking water supplies are found in chapters V, VII and VII-A of the State Sanitary Code. Chapters VII and VII-A relate to water supplies of camps and of hotels, lodginghouses and boardinghouses. Article V is silent as to private wells in privately owned property. The absence of affirmative regulation in the State Sanitary *896 Code affecting water supplies to privately owned single dwellings on individual parcels precludes inconsistency therewith in regulations promulgated hy local Boards of Health.
Upon the first issue, the court finds that the Department was vested with authority to adopt standards regulating sewage disposal systems and wells providing private water supplies to single dwellings constructed upon individually owned parcels.
Remaining for determination are the issues presented as to whether the standards adopted are reasonable, justifiable and constitutional.
The evidence established that plaintiff is the owner of a parcel of realty in dimension 100 feet in depth by 75 feet in width. The value of plaintiff’s property was fixed at between $2,800 and $3,000. The nearest main from which water furnished by the Suffolk County Water Authority could supply plaintiff’s property is some 3,000 feet distant therefrom. The cost to plaintiff of installation of a water supply main to its property from the nearest Suffolk County Water Authority supply was established at $7 per foot or $21,000. Public water being unavailable except at prohibitive cost, plaintiff made application to the Department for its approval of a proposed installation of a private sewage disposal system and a private water supply system upon its property. The proposed sewage disposal system composed a 600-gallon septic tank and 2 cesspools. The proposed source of water supply was a well. Included in the standards adopted by the Department was one fixing the minimum distance between any part of a cesspool installed on the property and a side line of the property to be 10 feet. Another standard fixed the ■minimum distance from any part of a cesspool to any water supply well to be 100 feet. The dimensions of the lot, 75 feet by 100 feet, precludes compliance by plaintiff with those standards. It follows that the standards prevent plaintiff’s proposed use of its property unless plaintiff (1) install the sewage disposal system or the well on other property or that plaintiff expend the sum of $21,000 to obtain a supply of public water, i.e., water supplied by the Suffolk County Water Authority.
The promulgation of measures designed to promote public health is a primary duty and obligation of a municipality. Section 3 of article XVII of the Constitution of the State of New York provides: “ The protection and promotion of the health of the inhabitants of the state are matters of public concern and provision therefor shall be made by the state and by such of its subdivisions and in such manner, and by such means as the legislature shall from time to time determine ”. By section 347 of the Public Health Law the power and authority to promulgate *897 regulations for the security, life and health of the people of a municipality has been delegated by the Legislature to County Boards of Health. This delegation of power has found sanction in the decision of our courts. (Polinsky v. People, 73 N. Y. 65; Metropolitan Bd. of Health v. Heister, 37 N. Y. 661; Health Dept. of City of N. Y. v. Knoll, 70 N. Y. 530.) However, the regulations promulgated are subject to review to determine if they constitute an invasion of the rights conferred by the Constitution of a magnitude warranted by a favorable balance to be found in justification of submergence of isolated individual rights to the promotion of the public health or welfare. In Arverne Bay Constr. Co. v. Thatcher (278 N. Y. 222, 231) the Court of Appeals of this State in ruling upon the constitutionality of legislation enacted in pursuance of police power, constituting an invasion of property rights had this to say: “ The legislative power of the State is, however, not plenary, bnt is limited by the Constitution of the United States and by the Constitution of the State. It may not take private property without compensation even for a public purpose and to advance the general welfare.” (Matter of Eaton v. Sweeny, 257 N. Y. 176.) “ The protection of private property in the fifth amendment presupposes that it is wanted for public use, but provides that it shall not be taken for such use without compensation. A similar assumption is made in the decisions upon the fourteenth amendment. Hairston v. Danville & Western Ry. Co., 208 U. S. 598, 605. When this seemingly absolute protection is found to be qualified by the police power, the natural tendency of human nature is to extend the qualification more and more until at last private property disappears. But that cannot be accomplished in this way under the Constitution of the United States. (Pennsylvania Coal Co. v. Mahon, 260 U. S. 393, 415.) ”
In the prevailing opinion in that case, Mr. Justice Holmes pointed out that “ the general rale at least is, that while property may be regulated to a certain extent, if regulation goes too far, it will be recognized as a taking ” (p. 415).
Thus, regulation preventing use of property, if unreasonable, may lose identity as regulation and become confiscation. If such be established upon all the evidence, then there is a taking without due process of law in violation of constitutional guarantees and the regulation is required to be struck down. If the regulation is reasonable and is promulgated within the authority of a municipal corporation in the valid exercise of its police powers, then the regulation must stand, even though it constitutes a deprivation of use of property.
*898 In considering whether the standards adopted by the Department fixing the minimum distances here involved are a reasonable exercise of police power, exploration is required to determine if other measures are available to the Department that will achieve the result intended to be accomplished by the challenged regulations, such result being the promotion of public health through insuring uncontaminated sources of water supply.
The evidence introduced established that a standard of fixed minimum distance, sole, cannot guarantee such result. The evidence further established that uncontaminated water sources could be reached and utilized without regard to horizontal distance separating sewage disposal installations from such potential services. Other factors, established by the evidence, governing freedom from polluted sources of water supply were depth ol' well drilling and composition and location of subsurface strata.
Reverting to the provisions of the State Sanitary Code regulating water supplies for drinking and culinary purposes at camps, it is found to be required that such water shall be “of safe sanitary quality” (ch. 7, Reg. 8); at factories, industrial plants, schools, institutions and other similar establishments “the water for drinking purposes shall be of a quality satisfactory to the local health officer ” (ch. 5, Reg. 16); at hotels, lodging-houses, boardinghouses “ of safe, sanitary quality ” and “ Wells or springs used as sources of water supply shall be so constructed and located as to preclude their pollution by seepage from cesspools, privies, sewers, sewage treatment works, stables or manure piles, or by surface drainage ” (ch. 7-A, Reg. 3).
It is apparent that the ultimate goal sought to be achieved by the provisions of the State Sanitary Code is pollution-free water and the absence of standards predicated upon fixed locations or minimum distances of separation leads only to the conclusion that such goal may otherwise be reached without the imposition of restrictions based upon situs or measurement.
Section 3 of article IV of the Suffolk County Sanitary Code provides: ‘1 Whenever the Commissioner shall determine that any water for human consumption or other domestic purposes is unsafe for such purposes, he shall so notify the person responsible for such water supply (emphasis supplied) and may order the treatment, abandonment, sealing- or posting at his discretion of such water supply or any portion thereof ”.
That this section and the powers granted the Commissioner thereunder pertain to private water supplies as well as public water supplies there can be no doubt. Subdivision a of section 1 *899 of article IV of the Suffolk Sanitary Code defines the term “Public Water Supply” and subdivision b of that section defines the term “ Private Water Supply ” to mean any supply of drinking water other than that secured from a public water supply system. Section 3 of article IV refers only to “water supply” and in consequence includes both public and private water supply systems.
The Suffolk County Sanitary Code by those provisions vests in the Commissioner the authority to condemn any system of water supply that is unsafe for human consumption or other domestic purposes and such authority may be exercised whether or not the source of supply, in point of location and distance, is fully in compliance with the standards for sewage and waste disposal systems regulating residential subsurface disposal systems fixing minimum distances separating the disposal system from any well intalled as a source of water supply. Thus under the present regulations and code adopted by the Department, an owner of realty may comply with the regulations and yet find his water supply system condemned if found to be unsafe.
Upon considering the evidence before the court in this action and the various regulations and Sanitary Codes adopted by the County of Suffolk and the State of New York, the court is compelled to a finding that arbitrarily fixed distances or locations of sewage disposal systems and water supply sources when mandated as criteria for the approval or disapproval by the Department of plaintiff’s application, must be held to be unreasonable since such standards are not determinative of assuring a pollution-free source of water supply. The fundamental requirement of a new source of water supply is that it be of safe sanitary quality and fit for human consumption. That any source of supply meets that requirement is ascertainable by analysis. It is not ascertainable by standards predicated upon distance or location solely.
If a new source of private water supply meeting standards of safety is found to be available without compliance with fixed distances or locations, regulations designed to insure safety of water rather than to establish arbitrary distances that may not achieve that goal should be promulgated.
It is not the province of the court, nor has the court authority to usurp the functions and duty of the Department, to promulgate regulations pertaining to public health. That function and duty is wholly within the authority of the board. The court is charged with determining the validity of the regulations in the light of whether they are a reasonable application of police *900 power or whether their enforcement constitutes an unlawful deprivation of the use of property in violation of the Constitutions of the United States and the State of New York.
In making such determination and for the reasons stated, the court rules that the minimum distance standards fixed in the regulations adopted by defendant board for separation of subsurface sewage disposal facilities from a well proposed to be installed and used as a source of water supply are invalid and unenforcible insofar as applicable to the property owned by the plaintiff. No costs are allowed.