■    In the Matter of WAYNE W. BOYER, Appellant, v DEPARTMENT OF HEALTH OF THE COUNTY OF ALBANY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 23, 1975 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. The petitioner instituted this article 78 proceeding for an order vacating the approval and certification granted to one Carpenter by respondent Department of Health of the County of Albany (hereinafter Health Department) of a certain subsurface sanitary disposal system and further vacating the certificate of occupancy issued to Carpenter by respondent town superintendent of buildings. Special Term dismissed the petition and this appeal ensued. Petitioner is the owner of property improved by a single-family dwelling serviced since the year 1970 by two wells, one to the rear and the other to the east of the dwelling. Carpenter owns a lot adjoining petitioner on the east on which he began construction of a one and one-half story dwelling in February of 1974. On August 1, 1974 respondent Health Department granted Carpenter approval of a septic system installed on his property in connection with the construction of such dwelling. On August 16, 1974, respondent building superintendent issued a certificate of occupancy. Prior to such final determinations by respondents, each was notified by petitioner that Carpenter's septic system was in noncompliance with the State Sanitary Code in that the leach field was not 100 feet distant of petitioner's east well. The record establishes that such septic system was thereafter modified and finally installed so that the nearest point of the leach field was approximately 84 feet from the dug well on petitioner's property. According to the affidavit of one of the representatives of the Health Department, there is no possible way in which Carpenter could literally and technically comply with the rules and regulations relating to the location of septic systems and wells, and the system, as installed and finally approved, was the most efficient system possible, given the lot size and locations of surrounding wells. Petitioner maintains that there is a triable issue of fact as to whether the standards of the State Sanitary Code have been met. We do not agree. There is no showing that the standards set forth in section 75.5 of the code (10 NYCRR 75.5) are mandatory. That section merely refers to the standards set forth in the State Department of Health bulletin, entitled "New York State Health Department Water Treatment Handbook—Individual Household Systems". While in connection with the design of a tile, or leach, field, it is indicated in such bulletin that tile fields "should be" located at least 100 feet away from any source of water supply, in our view this is not a mandated standard, but only a guide or recommendation. It is significant that the foreword to such bulletin states

that its purpose is to serve as a uniform guide to the proper design, construction and maintenance of septic tank systems. The words "must be" are used in certain instances and "should be" in others. The State Sanitary Code, in general, presents a situation where flexibility and the adaptation to infinitely variable conditions constitute the essence of the program. The standards, or guides, prescribed can be only so detailed as is reasonably practicable in the light of the complexities of the particular area to be regulated. (Chiropractic Assn. of N. Y. v Hilleboe, 12 NY2d 109, 120.) Respondent's latitude in the area of water purity and pollution is not precisely circumscribed, so long as its regulations are generally consistent with the provisions of the Public Health Law and the State Sanitary Code. (Public Health Law, § 347.) It was within the technical competence and fact-finding province of the Health Department to determine whether Carpenter's sanitary disposal system, as finally installed, should be approved. We conclude, therefore, that when it took the action it did, respondent acted clearly within the purview of its authority. (Public Health Law, § 201, subd [m]; §§ 225, 324, subd 1, par [e].) Petitioner further claims that respondents' determinations were arbitrary. After a thorough investigation of all pertinent facts, respondent Health Department made a judgment approving the installation of the Carpenter septic system. The respondent building superintendent thereafter issued a certificate of occupancy. We cannot say that such actions were unreasonable, arbitrary or illegal under the circumstances presented herein. Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.