In the Matter of CJOGS ASSOCIATES, Appellant, v DAVID

HARRIS, as Commissioner of the Suffolk County Department of Health Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent Commissioner of the Suffolk County Department of Health Services, which adopted a decision of the Board of Review of the Suffolk County Department of Health Services dated October 27, 1986, which denied the application of the petitioner's predecessor in title for a variance, and (2) a supplemental determination of the respondent dated July 21, 1987, which disapproved the petitioner's proposed development of its property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Stark, J.), entered February 23, 1988, which confirmed the determination and supplemental determination of the respondent and dismissed the amended petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The respondent's denial of the petitioner's application for a variance and his disapproval of the petitioner's proposal for the development of the residential portion of its property was neither arbitrary nor capricious since the regulation of sewage discharge is reasonably related to the public health, safety and welfare of the community (see, Matter of National Merritt v Weist, 41 NY2d 438; Matter of Fulling v Palumbo, 21 NY2d 30). Nor did the determinations constitute a taking of real property without just compensation. The petitioner has failed to meet its burden of demonstrating that no reasonable return on its investment could be obtained from the property under the existing zoning (see, de St. Aubin v Flacke, 68 NY2d 66; Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492). Restrictions reasonably related to the public health are not confiscatory even though they may diminish the value of private property (see, de St. Aubin v Flacke, supra, and cases cited therein).

Nor is there merit to the petitioner's contention that the respondent lacked jurisdiction to apply article 6 of the Sanitary Code of Suffolk County to its proposed development. The provisions of article 6 are not inconsistent with the Public Health Law or the Environmental Conservation Law nor has the State legislation preempted the field (see, Public Health Law § 1116; ECL 17-1505; see also, Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91; Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99; Suffolk County Bldrs. Assn. v County of Suffolk, 46 NY2d 613). The local Department of Health is empowered to adopt regulations to maintain an adequate and

satisfactory water supply and sewerage facility *(see,* Public Health Law § 1118; ECL 17-1503). Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.