■ In the Matter of TIMBER POINT HOMES, INC., Petitioner, v COUNTY OF SUFFOLK et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review (1) a determination of the respondent Board of Review of the Suffolk County Department of Health Services, dated October 23, 1985, which, after a hearing, denied the petitioner's application for a variance from Suffolk County Sanitary Code § 605 (1) (c); (2) (a), and (2) a determination of the respondent Board of Review of the Suffolk County Department of Health Services, dated December 17, 1986, which denied the petitioner's application for a rehearing and reaffirmed its prior determination.

Ordered that that branch of the petition which challenges the constitutionality of Suffolk County Sanitary Code former § 607 (1) (renum § 609) is converted into an action for a declaratory judgment, with that branch of the petition deemed a complaint; and it is further,

Adjudged that it is declared that Suffolk County Sanitary Code former § 607 (1) (renum § 609) is unconstitutional, the

determinations are annulled, on the law, without costs or disbursements, and the matter is remitted to the Suffolk County Department of Health Services for promulgation of a new provision of the Suffolk County Sanitary Code which complies with the Due Process Clause of the United States Constitution within 60 days after service upon it of a copy of this decision and order, with notice of entry, after which the Board of Review of the Suffolk County Department of Health Services shall reconsider the petitioner's application in accordance with the new provision.

On June 13, 1985, the petitioner Timber Point Homes, Inc. purchased 20,000 square feet of a 35,250-square-foot parcel located in the Hamlet of Deer Park, Town of Babylon, Suffolk County, for the sum of $56,000. The seller Florence A. Mathies retained ownership of the remaining 15,250 square feet and continued to reside in a single-family house located on the parcel. Prior to the transfer of title to the petitioner, the Board of Zoning Appeals of the Town of Babylon had granted permission to subdivide the original 35,250-foot parcel into one lot of 15,250 square feet and two lots of 10,000 square feet. The latter two lots were those purchased by the petitioner. The subject parcels are located within a residential (B) zone which permits the erection of one-family dwellings on lots containing 10,000 or more square feet. Thus, the petitioner could erect separate one-family residences on each of its two lots in conformity with existing zoning. However, Suffolk County Sanitary Code § 605 (1) (c); (2) (a) (contained in Suffolk County Sanitary Code art 6) require community sewage systems unless each of the parcels in a realty subdivision consists of an area of at least 20,000 square feet. Because the petitioner's lots failed to meet the minimum lot area of 20,000 square feet each, the Wastewater Management Section of the Suffolk County Department of Health Services (hereinafter SCDHS) denied its application for approval of its subdivision.

In late August 1985 the petitioner sought a variance pursuant to Suffolk County Sanitary Code former § 607 (1) of the 20,000-square-foot requirement from the respondent Board of Review of the SCDHS (hereinafter the Board) and asked for authorization to construct an individual sewage system on each lot instead of a community sewage system. A hearing on the petitioner's application was held before the Board. Apparently believing that such variances were routinely granted, the petitioner did not retain counsel to represent it at the hearing nor did it present any expert testimony at the hearing in support of its application. In a decision dated October 23,

1985, the Board denied the petitioner's application for a variance on the ground that the subdivision of the parcel into three lots "would be almost double the density allowable under Article 6 and that there would be an adverse affect on the groundwater".

Following the denial of its variance application, the petitioner retained a professional engineer to render an opinion as to the density and groundwater conditions of the subject parcel. The petitioner's expert concluded that approval of the petitioner's proposed subdivision would not have an adverse effect on the quality of the groundwater. On the strength of the expert's evaluation, the petitioner renewed its application for a variance and sought a rehearing. In support of its renewed application, the petitioner stated: "Within a 1000' radius, there are 205 designated building lots. All but four are developed. This property is next to a 5.1 acre town recreation field, which assures local waste dispersion in keeping with density requirements of Art. 6". Its engineer's report submitted upon its renewed application compared the petitioner's application to three other recent variance applications in the immediate vicinity of the petitioner's proposed subdivision and which the expert claimed were substantially similar to the petitioner's. Each of those variance applications had been granted by the Board. The engineer also pointed to other factors, including the existence of a 5.1-acre recreational park situated adjacent to the subject property, which would serve to protect groundwater quality as support for the variance. Numerous meetings were held between the petitioner's expert and the respondents' representatives. Initially, the petitioner's request for a rehearing was denied because the proposed development was the same as the earlier proposal and "no new relevant information ha[d] been submitted" with the application. Nevertheless, the SCDHS asked that the petitioner submit additional evidence to support reconsideration of the variance application. By letter dated December 17, 1986, the request for a rehearing was denied on the grounds that the petitioner's renewed application was found "insufficient to warrant a rehearing" and the petitioner had failed to submit any information to change the facts presented at the original hearing. The respondents therefore adhered to the October 23, 1985 determination.

In the instant proceeding to review the determinations dated October 23, 1985 and December 17, 1986, respectively, the petitioner maintains that Suffolk County Sanitary Code former § 607 (1) is unconstitutional because it lacks any

standard to govern the granting or denying of variances and provides unfettered discretion to the Commissioner of the SCDHS. The absence of any objective criteria deprives an aggrieved party of meaningful judicial review of a determination of the Board. The petitioner further contends that the denial of its application for a variance was arbitrary and capricious and not supported by substantial evidence in the record before the Board.

At the outset, we note that the essence of this proceeding is a challenge to the constitutionality of the regulation, and as such, was not properly brought pursuant to CPLR article 78. The law is well settled that a declaratory judgment action, not a proceeding pursuant to CPLR article 78, is the proper vehicle to test the validity of a legislative enactment *(see, Press v County of Monroe,* 50 NY2d 695, 702; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400).* In that regard, a regulation promulgated by an administrative agency, like the one challenged herein, is deemed a legislative act *(see, Matter of Lakeland Water Dist. v Onondaga County Water Auth., supra,* at 407; *see also, Rivers v Katz,* 67 NY2d 485, 492, n 3). Thus, that branch of the petition which seeks a declaration that Suffolk County Sanitary Code former § 607 (1) is unconstitutional is converted pursuant to CPLR 103 (c) into a declaratory judgment action, with that branch of the petition deemed the complaint *(see, Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184; *Kamhi v Town of Yorktown,* 141 AD2d 607, *affd* 74 NY2d 423).

Pursuant to the broad grant of authority contained in its enabling statute (Public Health Law § 347), the Suffolk County Department of Health Services promulgated regulations applicable to sewage and waste disposal systems. Suffolk County Sanitary Code former § 607 (1) (renum § 609) provides: "the Commissioner of the Department of Health Services, in his discretion, upon written application, may grant a variance from a specific provision of the [Sanitary Code], in a particular case, subject to appropriate conditions, *where such variance is in harmony with the general purpose and intent of this code,* after such variance application has been considered by a Department Review Board" (emphasis supplied). The parties do not dispute that the general purpose and intent of the Suffolk County Sanitary Code is the protection of the groundwater from which Suffolk County derives its water supply. Nor do they contend that the ordinance conflicts with the provisions of the enabling statute or is inconsistent with the

New York State Sanitary Code *(see,* Public Health Law § 347; *see generally, Matter of Boyer v Department of Health,* 52 AD2d 652; *Co-Pilot Enters. v Suffolk County Dept. of Health,* 38 Misc 2d 894, 895). Rather, the petitioner maintains that Suffolk County Sanitary Code former § 607 (1) (renum § 609) is invalid because it fails to provide meaningful standards to guide the Board in making determinations.

In order to sustain its challenge, the petitioner must overcome the strong presumption of constitutionality which applies to legislative acts *(see, D'Angelo v Cole,* 67 NY2d 65, 69; *Lighthouse Shores v Town of Islip,* 41 NY2d 7). While the presumption is rebuttable, the courts of this State have frequently held that unconstitutionality must be demonstrated beyond a reasonable doubt *(e.g., Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344, *cert denied* 450 US 1042; *Lighthouse Shores v Town of Islip, supra).* In exercising the authority granted an administrative agency pursuant to enabling legislation, the Court of Appeals has stated that the agency must "articulate objective standards against which an ultimate determination could be measured" *(Matter of Nicholas v Kahn,* 47 NY2d 24, 33; *see also, Matter of Levine v Whalen,* 39 NY2d 510, 518-519). The reasoning upon which this requirement is premised is that promulgation of adequate standards will serve to safeguard against arbitrary administrative action and to ensure meaningful judicial review *(Matter of Nicholas v Kahn, supra; see, Matter of Lap v Axelrod,* 97 AD2d 583, 584; *cf., Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801, 802).

At bar, the Commissioner has the power to grant a variance where the variance is shown to be "in harmony with the general purpose and intent" of the Suffolk County Sanitary Code. This standard is impermissibly vague and allows the Commissioner and the Board unfettered discretion to grant or deny a variance. Thus, the variance provision of the Suffolk County Sanitary Code is fatally flawed and the determinations under review must be annulled *(compare, Matter of Nicholas v Kahn, supra,* at 34; *Matter of Koelbl v Whalen,* 63 AD2d 408, 412; *with Matter of Medicon Diagnostic Labs. v Perales,* 145 AD2d 167, 171; *Matter of Slocum v Berman,* 81 AD2d 1014). We remit the matter to the Suffolk County Department of Health Services for promulgation of a new provision of the Suffolk County Sanitary Code which complies with the Due Process Clause of the United States Constitution, after which the Board of Review of the Suffolk County Department of

Health Services shall reconsider the petitioner's application in accordance with the new provision.

In light of our determination we do not reach the substantial evidence question. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.