■ In the Matter of DONALD PIUS et al., Petitioners, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Board of Review of the respondent Suffolk County Department of Health Services, dated May 27, 1988, which, after a hearing, denied the petitioners' application for a variance from Suffolk County Sanitary Code § 605.

Adjudged that the petition is granted on the law, without costs or disbursements, to the extent that the determination is annulled, and the matter is remitted to the Board of Review of the respondent Suffolk County Department of Health Services for reconsideration of the petitioners' application in accordance with the new variance provision of the Suffolk County Sanitary Code.

The petitioners' challenge to the respondent's authority to promulgate and enforce the regulations contained in the Suffolk County Sanitary Code, which seek to protect the quality of the county's drinking water by limiting population density in certain deep-flow recharge areas so as to limit the discharge of contaminants into the groundwater, is meritless. The provisions of Suffolk County Sanitary Code article 6 are consistent with the "expansive mandate" conferred by the Public Health Law upon local boards of health (*Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613, 619), which is bounded only by "the security of life and health" (Public Health Law § 347 [1]; *see,* § 1116; ECL 17-1503, 17-1505; *Matter of Bri-Mar Corp. v Town Bd.,* 74 NY2d 826; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91; *Matter of CJOGS Assocs. v Harris,* 151 AD2d 571; *Matter of Boyer v Department of Health,* 52 AD2d 652; *Co-Pilot Enters. v Suffolk County Dept. of Health,* 38 Misc 2d 894).

We must nevertheless remit the matter to the respondent for reconsideration of the petitioners' application in accordance with the new variance provision of the Suffolk County Sanitary Code promulgated pursuant to this court's decision in *Matter of Timber Point Homes v County of Suffolk* (155 AD2d 671).

In light of our determination, we do not address the substantial evidence question. Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.