■ In the Matter of CARL GOVERNALE, Appellant, v BOARD OF APPEALS OF THE TOWN OF BROOKHAVEN et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Brookhaven dated May 30, 1984, which, after a hearing, granted the application of the respondent Grace Amond for a use variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated September 25, 1984, which confirmed the determination and dismissed the proceeding.

Judgment reversed, on the law, without costs or disbursements, petition granted, determination annulled, and application for a use variance denied.

Where a use variance is sought, the applicant must show practical difficulties and unnecessary hardship *(Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 607). " 'Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality' " *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257, quoting from *Matter of Otto v Steinhilber,* 282 NY 71, 76, *rearg denied* 282 NY 681).

In support of her application, Amond produced a real estate appraiser who testified that the "highest and best use of the Amond property was not residential", and that if offered

strictly as a residential property, it "would not yield a return commensurate with the true value of property".

A use variance may not be granted merely because the zoning ordinance proscribes the "highest and best" use of the land, or because the variant use will yield a higher return than those permitted by the zoning regulations *(see, Matter of Croissant v Zoning Bd. of Appeals,* 83 AD2d 673; *Matter of Congregation Beth El v Crowley,* 30 Misc 2d 90, 93; 2 Anderson, New York Zoning Law and Practice § 23.16 [3d ed]). The appraiser's opinion that the subject property might be worth substantially more if it were located in a primarily residential area did not satisfy the requirement that the landowner must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses *(see, Matter of Village Bd. v Jarrold, supra; Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 45; *Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 90, *cert denied* 340 US 933).

Moreover, a use variance may not be granted merely to ease the personal difficulties of the landowner *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Hickox v Griffin,* 298 NY 365). As there was no showing of hardship "special and peculiar to [Amond's] property" *(see, Matter of Clark v Board of Zoning Appeals, supra* p 91), Amond failed to demonstrate that her alleged hardship was unique, and did not reflect the possible unreasonableness of the zoning ordinance itself *(see, Matter of Village Bd. v Jarrold, supra).* Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.