In the Matter of EDWARD A. AMES et al., Appellants, v CHARLES JOHNSTON et al., Constituting the Planning Board of the Town of Rockland, et al., Respondents.

Third Department, June 27, 1991

### APPEARANCES OF COUNSEL

*Sive, Paget & Riesel, P. C. (David Sive* and *Clifford L. Davis* of counsel), for appellants.

*Friedman, Katz & Deutsch (Steven S. Katz* of counsel), for respondents.

### OPINION OF THE COURT

YESAWICH, JR., J.

Petitioners challenge the approval of the subdivision of a 75-acre parcel of property by the Planning Board of the Town of Rockland. The CPLR article 78 petition charges that the Planning Board acted arbitrarily and capriciously, made errors of law and violated the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) in that it failed to ensure compliance with Department of Health (hereinafter DOH) regulations and granted final approval to the subdivision prior to determining that the subdivision would not have a significant effect on the environment. Supreme Court confirmed the determination and dismissed the petition. Petitioners have appealed; we reverse.

▮ Contrary to petitioners' suggestion, a CPLR 7804 (h) hearing was not necessary to resolve the issues raised for petitioners had ample opportunity to present their various environmental concerns to the Planning Board *(see,* Siegel, NY Prac § 569, at 894 [2d ed]). CPLR 7804 (h) was not intended to permit parties to relitigate issues which were or should have been submitted to the administrative agency for resolution, but was designed to enable a court, when confronted with a situation where it is impossible to determine the matter upon the submitted papers alone, to decide whether the administrative activity was sustainable *(see,* Sie-

gel, NY Prac § 569, at 894 [2d ed]).* There is no need for an additional fact-finding hearing here, for judicial review of the Planning Board's determination is limited to assuring that, based on the information before it, the Planning Board's decision was not arbitrary, capricious or affected by an error of law (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416).

DOH regulations require that shallow subsurface disposal units, a type of individual sewage disposal system, be located in an area where there is at least four feet of dry permeable soil over any impermeable deposits (10 NYCRR Appendix 75-A.4 [d] [2]). At least one six-foot deep test hole must be dug to confirm the suitability of the chosen location (10 NYCRR Appendix 75-A.4 [d] [2]). It is undisputed that no such test was ever conducted here. Petitioners also claim, and it is not clearly refuted on the record, that the septic system for one of the proposed subdivided properties (lot 2) is closer than 100 feet to an underground spring channel, and that this contravenes a DOH regulation mandating that the absorption fields of any individual household system be no less than 100 feet from any stream, lake or watercourse (10 NYCRR Appendix 75-A, Table 2).

█ Insofar as petitioners contend that SEQRA was violated because the Planning Board neglected to ensure that these DOH regulations were met before approving the project, we disagree. It is DOH, not a town planning board, that is statutorily directed to supervise and regulate the sanitary aspects of sewage disposal (Public Health Law § 201 [1] [l]). SEQRA does not alter the jurisdiction between or among State agencies (ECL 8-0103 [6]). So long as the lead agency identifies the relevant areas of environmental concern, takes a "hard look" at them to determine whether there may be a significant effect on the environment and sets forth in writing the basis for its determination of significance, it has met its SEQRA obligation (Matter of Jackson v New York State Urban Dev. Corp., supra, at 417; see, 6 NYCRR 617.6 [g] [2]). That the proposed action does not comport with DOH regulations does not, in and of itself, mandate SEQRA denial (cf., Gerrard, Ruzow & Weinberg, Environmental Impact Review in New York, § 8.14, at 8-55, citing In re Dutchess Sanitation Serv. [DEC Commr Decision, Apr. 11, 1980] [that a proposed landfill

---

* To the extent that Matter of Nodine v Board of Trustees (44 AD2d 764) suggests otherwise, we decline to follow it.

would violate local zoning laws cannot serve as the basis for denying a permit under SEQRA]; *see, e.g., Matter of Town of Poughkeepsie v Flacke,* 84 AD2d 1, 5, *lv denied* 57 NY2d 602).

The record discloses that the Planning Board met its SEQRA review obligation for it analyzed the three areas of environmental concern identified as possibly significant—surface water quality, soil erosion and septic system pollution—and took steps to minimize these potential negative impacts before approving the subdivision (6 NYCRR 617.6 [g] [2]). Be that as it may, it is also clear, however, that by granting preliminary approval of this subdivision before it issued the negative declaration, the Planning Board violated a SEQRA prerequisite that an agency review the environmental impact of the consequences of a subdivision project before granting subdivision authorization *(see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 372, *affd on opn below* 62 NY2d 965).

More importantly, the Planning Board's approval of this subdivision application was given in disregard of local regulations. When considering applications for the subdivision of land, the Planning Board is charged with seeing that individual sewage systems are designed in accordance with DOH criteria *(see,* Town of Rockland Subdivision Regulations, art IV, § 9 [C]). Here, a soil investigation test was not completed and the record suggests that the seepage pit separation distance requirements for lot 2 have not been met. Because the proposed sewage systems did not conform to DOH regulations, the subdivision should not have been approved.

CASEY, J. (dissenting). The "SEQR NEGATIVE DECLARATION" issued by the Planning Board of the Town of Rockland provides as follows: "With respect to the potential problem of pollution resulting from septic systems which will be used to service the one family houses that are expected to be built, 'perc tests' have been performed on each lot by a licensed professional New York State engineer. The location for each septic system is designated on the proposed subdivision map. Specific design standards, which exceed the minimum standards required by the New York State Dept. of Health, are specifically set forth for each lot on the proposed subdivision map and it is required that all such septic systems be 'constructed under the supervision of a licensed professional engineer'. The Planning Board is satisfied that these measures will minimize, if not eliminate, any potential adverse environmental impacts from the project."

The subdivision map as finally approved by the Planning Board contains substantially the same design details and requirements for septic systems as the proposed subdivision map referred to in the negative declaration, including the requirement that any construction of septic systems be supervised by a licensed professional engineer to ensure compliance with all relevant Department of Health requirements. Accordingly, the Planning Board acted rationally in discharging its duty to ensure that "on-site systems shall be provided in accordance with criteria set forth by the Department of Health", as required by the relevant subdivision regulations. Supreme Court's judgment dismissing the petition should, therefore, be affirmed.

WEISS and HARVEY, JJ., concur with YESAWICH, JR., J.; CASEY, J., and MAHONEY, P. J., dissent in a separate opinion by CASEY, J.

Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to the Planning Board of the Town of Rockland for further proceedings not inconsistent with this court's decision.