■ In the Matter of SHIRLEY G. BELGARDE, Appellant, v WARREN KOCHER et al., Constituting the Zoning Board of Appeals of the Village of Waddington, et al., Respondents. [627 NYS2d 128] —Casey, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered February 4, 1994 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Village of Waddington granting a use variance to respondents Lawrence Jones and Judy Jones.

At issue on this appeal is whether the Zoning Board of Appeals of the Village of Waddington (hereinafter the Board) abused its discretion by granting a use variance which permitted the placement of a mobile home on property located in a district where mobile homes are not allowed under the Village Zoning Ordinance. To obtain a use variance, the applicant must show (1) unnecessary hardship, (2) that the hardship results from the unique characteristics of the property, and (3) that the proposed use will not alter the character of the neighborhood *(Matter of Drake v Zoning Bd. of Appeals,* 183 AD2d 1031). Petitioner correctly contends that because of the second requirement, a use variance cannot be granted to ease the personal difficulties of the landowner *(see, Matter of Governale v Board of Appeals,* 121 AD2d 539, 540).

Although the Board's determination in this case includes a reference to the financial concerns of the landowners, respondents Lawrence Jones and Judy Jones, the determination properly focuses on the hardship created by the limited access and seasonal nature of the property. Unnecessary hardship

must be established by "dollars and cents" proof of "all matters bearing upon the return available under existing zoning" *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257). We agree with petitioner that under this standard, the applicants' general claim that the property was not suitable for a regular residential dwelling, without more, was insufficient *(see, Matter of Collins v Carusone,* 126 AD2d 847, 848). The applicants were required to submit evidence sufficiently specific to demonstrate that the lot will not yield a return if a regular residential dwelling is constructed on the property *(see, Matter of Howes v Langendorfer,* 137 AD2d 960).

In 1993, the Legislature amended Village Law § 7-712-b to provide that the unnecessary hardship requirement for a use variance includes a showing that for each and every permitted use "the applicant cannot realize a reasonable return, provided that lack of return is substantial as demonstrated by competent financial evidence" (L 1993, ch 208, § 14). Although the standard established by the amendment is applicable to this appeal *(see, Matter of Baldassare v Planning Bd.,* 200 AD2d 948), the absence of any "competent financial evidence" on the issue of reasonable return is a fatal defect in the application for a use variance. The Board requests that we remit the matter to give the applicants the opportunity to cure the defect in their proof, but we see no need to do so. If we annul the Board's determination which granted the use variance, no final determination will remain for res judicata purposes and, therefore, the applicants can renew their application, subject to the requirement that they submit the necessary additional evidence to satisfy the relevant standard for obtaining a use variance *(see, Matter of Clute v Town of Wilton Zoning Bd. of Appeals,* 197 AD2d 265).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determination annulled.