■ In the Matter of JASON P. CONTE et al., Appellants, v TOWN OF NORFOLK ZONING BOARD OF APPEALS et al., Respondents. [689 NYS2d 735] —Spain, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered October 14, 1997 in St. Lawrence County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Norfolk Zoning Board of Appeals denying petitioners' request for a zoning variance.

Petitioners, Jason P. Conte and his uncle, Donald L. Fuller, applied to respondent Town of Norfolk Zoning Board of Ap-

peals (hereinafter the ZBA) in 1997 for a use variance to authorize Fuller to continue to keep a limited number of farm animals for consumption on property owned by Conte on Joy Road in the Town of Norfolk, St. Lawrence County which, since 1973, has been zoned as a "Residential Hamlet". It is undisputed that keeping farm animals is not a permitted use in this zoning classification. Petitioners offered evidence at the ZBA's April and May 1997 hearings demonstrating that Fuller, along with his parents (Richard Fuller, now deceased, and Katherine Fuller [hereinafter collectively referred to as the Fullers]), has resided and continuously kept animals on the property for the family's own consumption since 1982 when the Fullers purchased the property. The animals were housed on the property in a barn constructed with a permit in 1984 and renovated in 1989. The Fullers conveyed title to the land to Conte in 1994. Although petitioners and others contended that farm animals had been kept on the property for many years prior to the Fullers' purchase, no affidavits or other proof was submitted specifying any names or dates of such prior use and, indeed, the petition merely alleges that the practice existed "for many years prior to [1982]". One of the adjacent land owners, Donald Chapin, appeared in opposition to the variance request.

The ZBA unanimously voted to deny the requested use variance, finding the property could be used for other purposes and the applicants had not demonstrated hardship. Petitioners commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination and for a judgment directing that it grant the requested variance. Supreme Court dismissed the petition finding that petitioners had failed to demonstrate that no permitted use would yield a reasonable return. Petitioners now appeal.

We affirm. We begin with the proposition that zoning boards are reposed with broad discretion to consider variance applications, and judicial review of their determinations is limited to determining whether the record reveals illegality, arbitrariness or an abuse of discretion; indeed, "the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record" (*Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309, 314; *see, Matter of La Dirot Assocs. v Smith*, 169 AD2d 896, 897). The long-standing test that applicants must satisfy in order to qualify for a use variance premised upon unnecessary hardship requires a showing (1) that the property cannot yield a reasonable return if used for permitted purposes as currently zoned, (2) that the

hardship results from unique characteristics of the property, and (3) that the proposed use will not alter the character of the neighborhood (*Matter of Dwyer v Polsinello*, 160 AD2d 1056, 1058; *see, Matter of Belgarde v Kocher*, 215 AD2d 1002; *see also*, Town Law § 267-b [2] [b]). In view of petitioners' complete failure to submit "dollars and cents" proof, as required, of the return available under existing zoning, i.e., that denial of the variance would preclude their realizing a reasonable return on the property, such as evidence of the property's purchase price, present value, real property taxes, mortgages and liens or other expenses, if any, or asking price if offered for sale, Supreme Court correctly concluded that they failed to demonstrate unnecessary hardship so as to enable the ZBA to exercise its discretion to grant a use variance (*see, Matter of Belgarde v Kocher, supra*; *see also, Matter of Village Bd. v Jarrold*, 53 NY2d 254, 257-259; *Matter of Otto v Steinhilber*, 282 NY 71, 76; 2 Anderson, New York Zoning Law and Practice § 23.13 [3d ed]).

The conclusory statements contained in the variance application, and submitted at the public hearings, to the effect that the property cannot yield a reasonable return without—or would achieve a higher return with—the variance because petitioners need to raise animals to provide food for their families, and that Conte, by agreement, may not transfer or rent the property without first offering it to Fuller, are simply insufficient (*see, Matter of Drake v Zoning Bd. of Appeals*, 183 AD2d 1031; *see also, Matter of Village Bd. v Jarrold, supra*, at 259; *Matter of Governale v Board of Appeals*, 121 AD2d 539, 540). Indeed, a use variance runs with the land and thus the hardship must relate to the land, and a variance may not be granted merely to ease the personal difficulties of the current landowner (*see, Matter of Fuhst v Foley*, 45 NY2d 441; *Matter of Governale v Board of Appeals, supra*, at 540).

The fact that adjacent land is being used to house farm animals did not relieve the applicants' burden of proving a lack of reasonable return if used as zoned (*see*, 2 Anderson, New York Zoning Law and Practice §§ 23.17, 23.18 [3d ed]). Further, there was no evidence before the ZBA demonstrating, and the petition does not even allege, that farm animals were lawfully housed on this property in 1973 when the Zoning Law of respondent Town of Norfolk became effective and continuously thereafter so as to establish a preexisting nonconforming use (*see, City of New York v Bilynn Realty Corp.*, 118 AD2d 511, 513-514; *see also*, Anderson, New York Zoning Law and Practice § 6.02 [3d ed]).

Petitioners also argue that they relied on the issuance of building permits in constructing and subsequently renovating their barn on this property which houses the farm animals. Neither the permits nor any evidence pertaining to the barn was included in the record demonstrating that the barn was exclusively built, and could only be used, to house farm animals or that the permits were invalid, and Supreme Court concluded that destruction of the barn was not necessary. While expenditures made in good-faith reliance on an invalid building permit may be considered by the ZBA on a variance request as proof of unnecessary hardship (*see, Matter of La Dirot Assocs. v Smith, supra,* at 898), petitioners submitted no such proof. In any event, issuance of the building permits could not and did not confer authority to use the property in a manner prohibited by the Town's zoning laws (*see, Matter of Rejman v Welch,* 112 AD2d 795, *appeal dismissed* 66 NY2d 916).

Petitioners' claim of discriminatory enforcement of the zoning ordinance was not raised in the petition or before Supreme Court and is not properly before this Court (*see, General Elec. Tech. Servs. Co. v Clinton,* 173 AD2d 86, 89, *lv denied* 79 NY2d 759). Were we to address this selective enforcement claim, we would conclude that petitioners failed to sustain their heavy burden of demonstrating that the law was not applied to others similarly situated, e.g., similarly zoned, or that the denial of the variance was the result of intentional or impermissible discrimination (*see, Matter of Di Maggio v Brown,* 19 NY2d 283, 290-291; *see also, Matter of Vito v Jorling,* 197 AD2d 822, 825).

Moreover, the issue of petitioners' entitlement to the variance to raise farm animals for consumption on this property was not precluded by principles of res judicata or collateral estoppel, as petitioners contend, because none of the prior proceedings directly addressed a claim of undue hardship or a use variance request (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664; *Ryan v New York Tel. Co.,* 62 NY2d 494, 499-501; *Comi v Breslin & Breslin,* 257 AD2d 754, 757). While it appears that there was previously some confusion as to the proper zoning classification of this property, that did not, by itself, provide any basis upon which to grant the variance request.

Finally, we discern no error in Supreme Court's dismissal of this proceeding, after oral argument, without holding an evidentiary hearing pursuant to CPLR 7804 (h), as the matter was summarily determinable from the papers submitted and no additional fact finding was necessary (*see, Matter of Ames v*

*Johnston*, 169 AD2d 84, 85-86; *see also*, CPLR 409 [b]). Based upon the foregoing principles governing use variances, we conclude that the denial of the use variance to house these limited number of farm animals for consumption, while certainly unfortunate for petitioners and their families who have apparently done so for over 15 years in a neighborhood where this practice is not uncommon, nonetheless had a rational basis and was supported by substantial evidence in the record and, thus, we are unable to conclude that the denial was arbitrary or the result of the ZBA's abuse of discretion (*see, Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* at 314; *Matter of Belgarde v Kocher, supra,* at 1002). We have examined petitioners' remaining contentions and conclude they are without merit and do not warrant annulling the ZBA's determination.

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.