■ In the Matter of JOAN M. ECK et al., Appellants, v CITY OF KINGSTON ZONING BOARD OF APPEALS et al., Respondents. [755 NYS2d 508] —Spain, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 16, 2001 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Kingston Zoning Board of Appeals granting a use variance to respondents Frank Sievert and Ina-Annette Sievert.

Respondents Frank Sievert and Ina-Annette Sievert (hereinafter respondents) own and reside in a three-family home located in an R-1 residential zoned district on Fairview Avenue in the City of Kingston, Ulster County. Approximately nine months after purchasing this property, respondents successfully applied to the respondent City of Kingston Zoning Board of Appeals (hereinafter the ZBA) for a use variance to convert the three-family dwelling to a two-family dwelling and to convert the second floor apartment to a two-bedroom bed and breakfast (hereinafter B&B), the latter being a use concededly not permitted in an R-1 district.[1] Subsequent to a public hearing at which petitioners—adjacent property owners—submitted a letter in opposition to the use variance, the ZBA, by a 4-3 vote, approved respondents' application and granted the use variance.

Petitioners commenced the instant CPLR article 78 proceed-

---

1. While the City of Kingston zoning ordinance is not included in the record on appeal, all parties concede this is not a permitted use in an R-1 district.

ing challenging the sufficiency of the evidence presented by respondents to the ZBA to show unnecessary hardship (*see* General City Law § 81-b [3] [b]). Supreme Court dismissed the petition, finding the evidence before the ZBA supported its issuance of the use variance. On petitioners' appeal we reverse, finding that respondents failed to demonstrate entitlement to a use variance.

As an initial matter, we find no error in Supreme Court's summary determination of this special proceeding notwithstanding the unavailability of a transcript of the ZBA hearing due to the malfunctioning of the tape recorder. Supreme Court was provided with the ZBA's file containing the vote sheets reflecting the members' written reasons for their votes and other documentation submitted on the application, including respondents' financial documents. There being no factual dispute regarding what was submitted to or considered by the ZBA or triable issue of fact otherwise raised, summary determination was appropriate (*see* CPLR 409 [b]; *Matter of Davis v Peterson*, 254 AD2d 287; *see also Matter of Port of N.Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255, *cert denied* 385 US 1006; General City Law § 81-c [4]).

Addressing the merits of the petition, "[t]he long-standing test that applicants must satisfy in order to qualify for a use variance premised upon unnecessary hardship requires a showing (1) that the property cannot yield a reasonable return if used for permitted purposes as currently zoned, (2) that the hardship results from unique characteristics of the property, and (3) that the proposed use will not alter the character of the neighborhood" (*Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 735-736; *see* General City Law § 81-b [3] [b]). In support of their application, respondents relied on their personal need to "raise some additional income" by renting out the second floor apartment as a "bed and breakfast" in order to offset increased energy costs, renovations, exterior improvements (new deck and lawn), and maintenance expenses associated with the property and to compensate for the fact that their monthly living expenses exceeded their monthly income. Aside from the fact that for the most part these claims were not substantiated, "a [use] variance runs with the land and * * * may not be granted merely to ease the personal difficulties of the current landowner" (*Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, supra* at 736; *see Matter of Fuhst v Foley*, 45 NY2d 441, 446). Moreover, respondents failed to submit the requisite "dollars and cents" proof of the return available under *existing zoning*, that is, that they are unable to

realize a reasonable rate of return on this property for each and every use permitted, a fact noted by two members of the ZBA in their votes to deny the application (*see Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, supra* at 736; *Matter of Park Hill Residents' Assn. v Cianciulli*, 234 AD2d 464; *Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779, 782; *Matter of Belgarde v Kocher*, 215 AD2d 1002; *see also Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 257-259). While asserting in a letter that they receive $400 in monthly rental income on the first floor apartment, they did not include *any* rental income for the second floor apartment in their monthly income calculation and failed to demonstrate the fair market rental value or rental history of either apartment; they did not show that they were not able to realize a reasonable rate of return on either apartment or that they have not been able to rent that second floor unit.[2] Respondents' reliance on the unsubstantiated expectation of earning $250 monthly income "during the season" on the second floor apartment if the variance were granted fails to address their ability to realize a reasonable return on that apartment "if used *for permitted purposes as currently zoned*" (*Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, 261 AD2d 734, 735, *supra* [emphasis added]; *see* General City Law § 81-b [3] [b] [i]).

Likewise, respondents wholly failed to demonstrate that the claimed hardship is the result of "unique conditions peculiar to and inherent in the property as compared to other properties in the zoning district" (*Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals*, 216 AD2d 680, 682; *see* General City Law § 81-b [3] [b] [ii]) or that their acquisition of the property less than a year before this application was submitted while on notice that it was subject to the R-1 restrictions did not constitute a self-created hardship (*see Matter of Diana v City of Amsterdam Zoning Bd. of Appeals*, 243 AD2d 939, 940-941; General City Law § 81-b [3] [b] [iv]). Thus, in the absence of substantial evidence or a rational basis for the ZBA's determination to grant the use variance, the peti-

2. Moreover, were we to consider the opinion of the real estate consultant submitted by respondents—on the issue of the effect of the requested variance on the neighborhood—despite the fact that it is dated *subsequent* to petitioners' commencement of this proceeding and thus does not appear to have been considered by the ZBA, the assertions to the contrary in their appellate brief notwithstanding, we would note that the attached documents support the conclusion that the second floor apartment is 1,200 square feet and rented out at $550 per month in the year prior to respondents' purchase of this property.

tion is granted and the determination of the ZBA is annulled (*see Matter of Conte v Town of Norfolk Zoning Bd. of Appeals*, *supra* at 735; *see also Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309, 314). We need not address petitioners' remaining claims.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, and use variance denied.