In the Matter of SUZANNE LOUGHLIN et al., Appellants, v TOWN OF THOMPSON PLANNING BOARD et al., Respondents. [871 NYS2d 739]—

Carpinello, J.

In 1991, a 19-lot subdivision was approved by respondent Town of Thompson Planning Board. As a condition of approval, the Board directed that any further subdivision of the lots was subject to its approval. Specifically, in considering any future subdivision application, the Board was to "consider the resubdivision potential of all lots in the subdivision."

Between 1991 and 2004, eight single-family homes were built on lots 4 through 16 of the subdivision. In January 2004, respondent Cherry Valley Builders, Inc., owner of lot 19, submitted an application to the Board to resubdivide its roughly 29-acre lot into 40 lots. After a lengthy series of public meetings and the preparation of an environmental assessment form, the Board, as lead agency under the State Environmental Quality Review Act (*see* ECL art 8), issued a negative declaration and granted preliminary approval to resubdivide the subject lot into 29 lots with interior roads. Petitioners, owners of homes in the original subdivision, commenced this CPLR article 78 proceeding to challenge this preliminary approval of Cherry Valley's application. Supreme Court dismissed petitioners' petition and this appeal ensued. We affirm.

Petitioners challenge the Board's preliminary approval of Cherry Hill's application on the ground that it failed to adhere to the condition imposed in 1991 and, therefore, its action was arbitrary and capricious. The record does not bear out this contention. While a review of the minutes from the numerous Board meetings reveals no specific mention of the Board's consideration of the resubdivision potential of "all" lots in the subdivision, the Board's attorney unequivocally averred that the Board knew of its obligation in this regard and did in fact consider the matter before approving Cherry Valley's application. Cherry Valley's engineer likewise averred that the Board, at an August 23, 2006 meeting, "discussed the re-subdivision of the [subject] subdivision parcels." To be sure, with respect to the lot closest in proximity to lot 19, the Board spent considerable effort discussing its subdivisibility, which indicates that the Board knew of the condition and fulfilled its duty thereunder. In short, we are satisfied that the Board did consider the resubdivision potential of the lots in the original subdivision and are thus unpersuaded that the Board's preliminary approval of Cherry Valley's application was arbitrary and capricious (*see Matter of Woodland Community Assn. v Planning Bd. of Town of Shandaken*, 52 AD3d 991, 993-994 [2008]; *Matter of MLB, LLC v Schmidt*, 50 AD3d 1433, 1434 [2008]).

We have considered petitioners' remaining arguments, including claims that reversal is warranted because of a violation of the Open Meetings Law (*see* Public Officers Law art 7), that the Board was in excess of its lawful jurisdiction in amending the original site plan and that the Board failed to take a "hard look" at potential environmental impacts, and find them to be without merit.

Cardona, P.J., Lahtinen and Malone Jr., JJ., concur. Ordered

that the judgment is affirmed, with costs to respondent Cherry Valley Builders, Inc.