# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 30, 2014          517934
_____

In the Matter of JAMES P.
   DUGAN et al.,

                    Appellants,

        v

BILLY LIGGAN et al.,                    MEMORANDUM AND ORDER
   Constituting the Planning
   Board of the Town of
   Rosendale,

                    Respondents,

        and

ULSTER COUNTY DEPARTMENT OF
   HEALTH – ENVIRONMENTAL
   SANITATION DIVISION et al.,

                    Respondents.
_____


Calendar Date:  September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.


                    _____


        DeGraff, Foy & Kunz, LLP, Albany (David F. Kunz of
counsel), for appellants.

        Cook, Netter, Cloonan, Kurtz & Murphy, PC, Kingston (Eric
M. Kurtz of counsel), for Ulster County Department of Health –
Environmental Sanitation Division, respondent.

        Risely & Moriello, PLLC, Kingston (Michael A. Moriello of
counsel), for Daniel Falk and others, respondents.


                    _____

Stein, J.

Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 30, 2013 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Ulster County Department of Health – Environmental Sanitation Division approving the subdivision plans of respondents Daniel Falk, Kevin Evans and Angela Evans for a proposed water supply and sewage disposal system.

In August 2006, respondents Daniel Falk, Kevin Evans and Angela Evans (hereinafter collectively referred to as the applicants) filed an application with the Planning Board of the Town of Rosendale for approval of a subdivision consisting of 21 residential lots and one commercial lot in the Town of Rosendale, Ulster County. The Planning Board subsequently began a coordinated environmental review with various involved agencies, including respondent Ulster County Department of Health – Environmental Sanitation Division (hereinafter the Department), and formally announced its intention to act as lead agency for purposes of the State Environmental Quality Review Act (see ECL art 8). The Planning Board classified the project as a type I action and held public hearings. In September 2008, after filing a negative declaration of environmental significance, the Planning Board granted preliminary plat approval, subject to certain conditions. The Department conducted its own review of the relevant water supply and sewage disposal plans, including the soil and water conditions of the property and, in September 2009, approved the subdivision plans, following which the Planning Board granted final subdivision approval. Shortly thereafter, the Department issued a certificate of approval of the subdivision plans to the applicants.

Petitioners – a group of neighboring landowners whose properties adjoin the proposed subdivision – commenced this CPLR article 78 proceeding seeking review of the approvals of the subdivision plans by the Planning Board and the Department. After respondents answered and asserted various defenses, Supreme Court dismissed the petition as untimely. On appeal from that judgment, this Court determined, as relevant here, that dismissal

of the claims challenging the Department's approval of the
subdivision plans for the proposed water supply and sewage
disposal system was erroneous, and remitted the matter to Supreme
Court for resolution of those claims (90 AD3d 1445 [2011]).  On
remittal, Supreme Court denied petitioners' request to conduct
further discovery and ultimately determined that the Department's
approval of the subdivision plans was not irrational, arbitrary
and capricious or in violation of law.  Petitioners now appeal,
and we affirm.

     Initially, we reject petitioners' claim that Supreme Court
erred by dismissing the petition without a hearing (see CPLR 7804
[h]).  Our review of the Department's determination "is limited
to the facts and record adduced before [the Department]" (Matter
of Kelly v Safir, 96 NY2d 32, 39 [2001] [internal quotation marks
and citations omitted]; accord Matter of Featherstone v Franco,
95 NY2d 550, 554 [2000]; see Matter of Ames v Johnston, 169 AD2d
84, 86 [1991]).  After carefully considering the Department's
record, we conclude that, despite the presence of some factual
issues, no hearing was required, as "the matter was summarily
determinable from the papers submitted" (Matter of Conte v Town
of Norfolk Zoning Bd. of Appeals, 261 AD2d 734, 737 [1999]; see
CPLR 409 [b]; Matter of Eck v City of Kingston Zoning Bd. of
Appeals, 302 AD2d 831, 832 [2003]; Matter of Save Our Forest
Action Coalition v City of Kingston, 246 AD2d 217, 221-222
[1998]; see generally Matter of City Servs., Inc. v Neiman, 77
AD3d 505, 508 [2010], lv denied 16 NY3d 701 [2011]).

     As to the merits, petitioners claim that the Department
failed to meet its obligations with respect to "regulat[ing] the
sanitary aspects of water supplies and sewage disposal and
control[ling] the pollution of waters" (Public Health Law § 201
[1] [l]) because the final subdivision plans, as approved by the
Department, were in violation of various state Department of
Health regulations (see 10 NYCRR Appendix 75-A.1; 75-A.4) and the
Ulster County Sanitary Code, and the Department did not consider
other identified areas of environmental concern.  We note that
"[i]t is not the province of the courts to second-guess
thoughtful agency decisionmaking and, accordingly, an agency
decision should be annulled only if it is arbitrary, capricious
or unsupported by the evidence" (Matter of Riverkeeper, Inc. v

Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [2007]; accord Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1350 [2013]; Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1385 [2011], lv denied 17 NY3d 705 [2011]).  Moreover, "[w]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or [to] choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232 [internal quotation marks and citations omitted]; accord Akpan v Koch, 75 NY2d 561, 570 [1990]; Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 823 [2013]).

It is evident from the record here that the Department undertook a comprehensive and extensive review of the project, which spanned nearly three years, prior to issuing its approval of the final subdivision plans.  The Department's record includes relevant correspondence from government agencies relating to the project.  As part of its review, the Department conducted site evaluations, considered the results of soil and well testing, as well as the report of a geologist, who analyzed the geological conditions on the site and addressed concerns raised by petitioners and their expert.  While petitioners proffered opinions from their experts, who reached differing conclusions on various issues, the Department was free to rely upon one expert's opinion over the other (see Matter of Friedman v Adirondack Park Agency, 165 AD2d 33, 38 [1991], lv denied 78 NY2d 853 [1991]; see also Matter of Kirquel Dev., Ltd. v Planning Bd. of Town of Cortlandt, 96 AD3d 754, 756 [2012], lv denied 19 NY3d 813 [2012]).

In October 2008, after reviewing petitioners' preliminary plat, the Department's engineer identified nearly two dozen areas of concern and noncompliance with sanitary requirements — including some of the particular issues raised by petitioners in this proceeding — and communicated to the applicants' engineer that the problems identified had to be addressed.  In April 2009, the Department's engineer followed up with a second letter addressing areas that had not been satisfactorily corrected and identified additional issues that required corrective action.  A

fair inference can be made that, after further review, the Department was ultimately satisfied that these issues were corrected.  Indeed, its approval of the final subdivision plans certified that the project satisfactorily complied with all requirements of the Public Health Law, the Department of Health's sanitary regulations and the Ulster County Sanitary Code.[1]

        Considering the extensive scope of the Department's review, and affording the Department appropriate deference regarding factual evaluations within its expertise (see Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation, 92 AD3d 123, 129 [2011], lv denied 19 NY3d 807 [2012]; Matter of Plante v New York State Dept. of Envtl. Conservation, 277 AD2d 639, 641 [2000]), we find that the Department's approval of the final subdivision plans was not arbitrary and capricious, irrational or in violation of law (see Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d at 823-824; Matter of Loughlin v Town of Thompson Planning Bd., 57 AD3d 1334, 1335 [2008]; Matter of Boyer v Department of Health of County of Albany, 52 AD2d 652, 653 [1976]).  We have considered petitioners' remaining contentions and find them to be lacking in merit.

        Peters, P.J., Lahtinen, Garry and Devine, JJ., concur.

        ORDERED that the judgment is affirmed, without costs.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court

_____

        [1]  The Department also notes that each individual system will require the Department's approval after construction is complete.