Stein, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 30, 2013 in Ulster County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Ulster County Department of Health — Environmental Sanitation Division approving the subdivision plans of respondents Daniel Falk, Kevin Evans and Angela Evans for a proposed water supply and sewage disposal system.
In August 2006, respondents Daniel Falk, Kevin Evans and Angela Evans (hereinafter collectively referred to as the applicants) filed an application with the Planning Board of the Town of Rosendale for approval of a subdivision consisting of 21 residential lots and one commercial lot in the Town of Rosendale, Ulster County. The Planning Board subsequently began a coordinated environmental review with various involved agencies, including respondent Ulster County Department of Health — Environmental Sanitation Division (hereinafter the Department), and formally announced its intention to act as lead agency for purposes of the State Environmental Quality Review Act (see ECL art 8). The Planning Board classified the project as a type I action and held public hearings. In September 2008, after filing a negative declaration of environmental significance, the Planning Board granted preliminary plat approval, subject to certain conditions. The Department conducted its own review of the relevant water supply and sewage disposal plans, including the soil and water conditions of the property and, in September 2009, approved the subdivision plans, follow *1472 ing which the Planning Board granted final subdivision approval. Shortly thereafter, the Department issued a certificate of approval of the subdivision plans to the applicants.
Petitioners — a group of neighboring landowners whose properties adjoin the proposed subdivision — commenced this CPLR article 78 proceeding seeking review of the approvals of the subdivision plans by the Planning Board and the Department. After respondents answered and asserted various defenses, Supreme Court dismissed the petition as untimely. On appeal from that judgment, this Court determined, as relevant here, that dismissal of the claims challenging the Department’s approval of the subdivision plans for the proposed water supply and sewage disposal system was erroneous, and remitted the matter to Supreme Court for resolution of those claims (90 AD3d 1445 [2011]). On remittal, Supreme Court denied petitioners’ request to conduct further discovery and ultimately determined that the Department’s approval of the subdivision plans was not irrational, arbitrary and capricious or in violation of law. Petitioners now appeal, and we affirm.
Initially, we reject petitioners’ claim that Supreme Court erred by dismissing the petition without a hearing (see CPLR 7804 [h]). Our review of the Department’s determination “is limited to the facts and record adduced before [the Department]” (Matter of Kelly v Safir, 96 NY2d 32, 39 [2001] [internal quotation marks and citations omitted]; accord Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; see Matter of Ames v Johnston, 169 AD2d 84, 86 [1991]). After carefully considering the Department’s record, we conclude that, despite the presence of some factual issues, no hearing was required, as “the matter was summarily determinable from the papers submitted” (Matter of Conte v Town of Norfolk Zoning Bd. of Appeals, 261 AD2d 734, 737 [1999]; see CPLR 409 [b]; Matter of Eck v City of Kingston Zoning Bd. of Appeals, 302 AD2d 831, 832 [2003]; Matter of Save Our Forest Action Coalition v City of Kingston, 246 AD2d 217, 221-222 [1998]; see generally Matter of City Servs., Inc. v Neiman, 77 AD3d 505, 508 [2010], lv denied 16 NY3d 701 [2011]).
As to the merits, petitioners claim that the Department failed to meet its obligations with respect to “regulating] the sanitary aspects of water supplies and sewage disposal and controlling] the pollution of waters” (Public Health Law § 201 [1] [1]) because the final subdivision plans, as approved by the Department, were in violation of various state Department of Health regulations {see 10 NYCRR Appx 75-A.l; 75-A.4) and the Ulster County Sanitary Code, and the Department did not consider *1473 other identified areas of environmental concern. We note that “[i]t is not the province of the courts to second-guess thoughtful agency decisionmaking and, accordingly, an agency decision should be annulled only if it is arbitrary, capricious or unsupported by the evidence” (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [2007]; accord Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1350 [2013]; Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1385 [2011], lv denied 17 NY3d 705 [2011]). Moreover, “[w]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or [to] choose among alternatives” (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232 [internal quotation marks and citations omitted]; accord Akpan v Koch, 75 NY2d 561, 570 [1990]; Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 823 [2013]).
It is evident from the record here that the Department undertook a comprehensive and extensive review of the project, which spanned nearly three years, prior to issuing its approval of the final subdivision plans. The Department’s record includes relevant correspondence from government agencies relating to the project. As part of its review, the Department conducted site evaluations, considered the results of soil and well testing, as well as the report of a geologist, who analyzed the geological conditions on the site and addressed concerns raised by petitioners and their expert. While petitioners proffered opinions from their experts, who reached differing conclusions on various issues, the Department was free to rely upon one expert’s opinion over the other (see Matter of Friedman v Adirondack Park Agency, 165 AD2d 33, 38 [1991], lv denied 78 NY2d 853 [1991]; see also Matter of Kirquel Dev., Ltd. v Planning Bd. of Town of Cortlandt, 96 AD3d 754, 756 [2012], lv denied 19 NY3d 813 [2012]).
In October 2008, after reviewing petitioners’ preliminary plat, the Department’s engineer identified nearly two dozen areas of concern and noncompliance with sanitary requirements— including some of the particular issues raised by petitioners in this proceeding — and communicated to the applicants’ engineer that the problems identified had to be addressed. In April 2009, the Department’s engineer followed up with a second letter addressing areas that had not been satisfactorily corrected and identified additional issues that required corrective action. A fair inference can be made that, after further review, the Depart *1474 ment was ultimately satisfied that these issues were corrected. Indeed, its approval of the final subdivision plans certified that the project satisfactorily complied with all requirements of the Public Health Law, the Department of Health’s sanitary regulations and the Ulster County Sanitary Code.*
Considering the extensive scope of the Department’s review, and affording the Department appropriate deference regarding factual evaluations within its expertise (see Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation, 92 AD3d 123, 129 [2011], lv denied 19 NY3d 807 [2012]; Matter of Plante v New York State Dept. of Envtl. Conservation, 277 AD2d 639, 641 [2000]), we find that the Department’s approval of the final subdivision plans was not arbitrary and capricious, irrational or in violation of law (see Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d at 823-824; Matter of Loughlin v Town of Thompson Planning Bd., 57 AD3d 1334, 1335 [2008]; Matter of Boyer v Department of Health of County of Albany, 52 AD2d 652, 653 [1976]). We have considered petitioners’ remaining contentions and find them to be lacking in merit.
Peters, PJ., Lahtinen, Garry and Devine, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The Department also notes that each individual system will require the Department’s approval after construction is complete.