Matter of Cotazino v New York State Adirondack Park Agency (2023 NY Slip Op 01329)

Matter of Cotazino v New York State Adirondack Park Agency

2023 NY Slip Op 01329

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

534029 535043
[*1]In the Matter of Joseph Cotazino Jr. et al., Appellants,
v
New York State Adirondack Park Agency, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Christopher McCune of counsel), for appellants.
Letitia James, Attorney General, Albany (Meredith G. Lee-Clark of counsel), for respondent.

Garry, P.J.
Appeals (1) from an order of the Supreme Court (Martin D. Auffredou, J.), entered August 17, 2021 in Hamilton County, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion to, among other things, direct discovery, and (2) from a judgment of said court, entered December 20, 2021 in Hamilton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioners violated Executive Law § 806.
Pursuant to the Adirondack Park Agency Act's shoreline restrictions, all principal buildings or accessory structures greater than 100 square feet, other than docks or boathouses, in hamlet areas of the Adirondack Park must be set back 50 feet from the mean highwater mark of any lake (see Executive Law § 806 [1] [a] [2]). Petitioners own real property in the Town of Wells, Hamilton County, within a hamlet land use area on Lake Algonquin. In July 2017, petitioners submitted a jurisdictional inquiry form to respondent, prepared by an engineering and design firm on their behalf, to determine whether a permit or variance was needed for the construction of a single-family dwelling on the property (see Executive Law § 806 [3]). Accompanying the inquiry was the required map, depicting the location of the "house" as being set back 50 feet from the lake's highwater mark. Shortly thereafter, respondent issued a letter stating that the proposed construction, as described in the submitted materials, did not require a permit or variance, while advising that, for the purpose of the setback requirements, a structure includes all attached components, such as decks.
In October 2017, petitioners applied to the Town for a building permit for a modular home with a 44-foot by 16-foot deck. In response, the Town Supervisor contacted petitioners expressing concern regarding the location of the structure and advised them of the possibility of damage to the structure from routine road maintenance. The Town later issued a building permit, and petitioners began construction on the site; upon request of the Town Supervisor, petitioners thereafter sought to re-site the house farther from the road and thus began the process to obtain a variance from respondent. During that process, petitioner Joseph Cotazino Jr. was advised that respondent's staff would perform a preapplication inspection of the property to determine if there was an alternative way to site the house, to avoid the need for a variance. In August 2018, two representatives of respondent, an enforcement officer and an engineer, met with Cotazino at the property to perform this preapplication site visit. According to Cotazino, the original location for the house and deck was flagged, staked out and roped off at that time. After taking measurements, respondent's representatives purportedly advised Cotazino that they could re-site the house and deck for petitioners such that they would not require a variance. The representatives [*2]accordingly marked out the location of the setback and placed new flags; the central dispute underlying this matter is whether this re-siting was for the house alone or the house and the deck. Based upon a purported remark by the enforcement officer, petitioners also reduced the size of the deck.
In the spring of 2019, respondent received a complaint that the foundation of the house had been constructed within the setback. Following a field visit in June 2019, the enforcement officer found no violation. According to Cotazino, at that time, the footings for the deck were in place and readily visible. In August 2019, respondent received a complaint regarding the location of the deck. After the enforcement officer confirmed that petitioners had constructed an attached deck within the setback, respondent sent petitioners a proposed settlement agreement, demanding removal of the deck and payment of a $1,000 fine. Petitioners rejected that proposal. Respondent therefore issued a notice of apparent violation against petitioners, with supporting affidavits from the enforcement officer and the engineer, among others, requesting a determination from its enforcement committee. Petitioners submitted written opposition to the notice, arguing, as relevant here, that respondent should be equitably estopped from finding any violation because its agents had sited the house and deck and assured Cotazino that no variance was needed. Alternatively, petitioners requested the opportunity to apply for a variance or, if necessary, an adjudicatory hearing and the opportunity for full disclosure pursuant to 9 NYCRR subpart 581-4.
Counsel for the parties, as well as Cotazino, later appeared before the enforcement committee to defend their positions. The enforcement committee, relying on the submitted affidavits, thereafter found that, at the August 2018 preapplication site visit, agency staff identified where the house, absent the deck, could be located without a variance from the shoreline setback requirements and that petitioners subsequently constructed a structure within the setback. As no variance was obtained, petitioners were held to be in violation of Executive Law § 806 and ordered to remove the deck and pay $28,500 in fines.[FN1]
Petitioners then commenced this CPLR article 78 proceeding, arguing that respondent lacked the statutory authority to both instruct petitioners to refrain from submitting a variance application and undertake the re-siting of petitioners' house and deck footprint, that respondent should be equitably estopped from asserting a violation, that the enforcement committee wrongfully denied petitioners' request for discovery and deprived them of their right to a fair hearing and due process and that the enforcement committee's determination was arbitrary and capricious. Respondent answered, and petitioners moved, by order to show cause, for an order permitting full disclosure (see CPLR 408) and a trial by jury (see CPLR 7804 [h]). In August 2021[*3], Supreme Court denied that motion, finding that the questions presented were summarily determinable on the papers submitted. In December 2021, the court dismissed the proceeding in its entirety. Petitioners appeal from the August 2021 order and the December 2021 judgment.
Initially, respondent is correct that there is no appeal as of right from the interlocutory August 2021 order (see CPLR 5701 [b] [1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the December 2021 judgment (see Matter of Boyd v Cumbo, 210 AD3d 762, 762-763 [2d Dept 2022], lv denied 39 NY3d 905 [2023]; Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1074 n 2 [3d Dept 2015]; see generally CPLR 5701 [c]). Petitioners' appeal from the August 2021 order must therefore be dismissed. Nonetheless, and contrary to respondent's further claim, the denial of petitioners' motion for CPLR 408 discovery and a CPLR 7804 (h) trial by jury necessarily affects the final judgment and is thus brought up for review upon petitioners' appeal therefrom (see CPLR 5501 [a] [1]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-43 [2012]; Matter of Aho, 39 NY2d 241, 248 [1976]; Matter of Alexander M. v Cleary, 188 AD3d 1471, 1473-1474 [3d Dept 2020]; Matter of Desmone v Blum, 99 AD2d 170, 177 [2d Dept 1984]).
Discovery in a CPLR article 78 proceeding "is governed by CPLR 408, pursuant to which trial courts have broad discretion in directing the disclosure of material and necessary information" (Matter of City of Troy v Assessor of the Town of Brunswick, 145 AD3d 1241, 1243 [3d Dept 2016] [internal quotation marks and citation omitted]; see CPLR 7804 [a]; Matter of Johnson v Annucci, 208 AD3d 1403, 1404-1405 [3d Dept 2022]). Here, petitioners sought disclosure of respondent's alleged preapplication resolution policies and any communications among respondent's staff that would shed light on what respondent's enforcement officer and engineer said and did in their visits to petitioners' property and to depose respondent's staff regarding same. These requests essentially seek to impermissibly supplement the administrative record with materials that were not before respondent for the purpose of relitigating issues of credibility (see Matter of Kelly v Safir, 96 NY2d 32, 39 [2001]).[FN2] Supreme Court therefore providently denied petitioners' request (see Matter of Miller v New York State Div. of Human Rights, 129 AD3d 973, 973-974 [2d Dept 2015], appeal & lv dismissed 26 NY3d 961 [2015]; Matter of L & M Bus Corp. v New York City Dept. of Educ., 71 AD3d 127, 135-136 [1st Dept 2009], mod 17 NY3d 149 [2011]). Similarly, "CPLR 7804 (h) was not intended to permit parties to relitigate issues which were or should have been submitted to the administrative agency for resolution, but was designed to enable a court, when confronted with a situation where it is impossible to determine the matter upon the submitted papers alone, to decide whether the administrative [*4]activity was sustainable" (Matter of Ames v Johnston, 169 AD2d 84, 85 [3d Dept 1991] [citation omitted]; see Matter of Thornton v Saugerties Cent. Sch. Dist., 145 AD3d 1138, 1141 [3d Dept 2016], lv denied 29 NY3d 902 [2017]). Supreme Court was not presented with such a situation here (see Matter of Dugan v Liggan, 121 AD3d 1471, 1472 [3d Dept 2014]; Matter of City Servs., Inc. v Neiman, 77 AD3d 505, 508 [1st Dept 2010], lv denied 16 NY3d 701 [2011]; Matter of Eck v City of Kingston Zoning Bd. of Appeals, 302 AD2d 831, 832 [3d Dept 2003]; Matter of Gramuglia v New York State Thruway Auth., 203 AD2d 849, 851 [3d Dept 1994]).
Contrary to petitioners' further contention, the hearing held by the enforcement committee was lawful. The subpart of respondent's regulations that requires an adjudicatory hearing be held is applicable to administrative hearings brought to enforce the Freshwater Wetlands Act and hearings where the agency has initiated proceedings to modify, suspend or revoke an agency permit (see 9 NYCRR 581-4.1). The general enforcement process does not require that an adjudicatory hearing be conducted (see 9 NYCRR 581-2.1), and petitioners were provided with all of the process which they were due (see 9 NYCRR 581-2.6). Petitioners' reliance on Executive Law § 812 (5) is also misplaced; that statute, authorizing respondent to compel the attendance of witnesses before it, applies only to public hearings in connection with respondent's review of project permit applications, not enforcement proceedings (see generally Executive Law § 809).
Respondent did not erroneously disregard petitioners' estoppel claim. As noted by Supreme Court, that argument, which was extensively discussed at the enforcement committee meeting, was implicitly rejected by the committee when it credited the version of events set forth by respondent's representatives.[FN3] In acknowledging that implicit rejection, the court did not substitute its own rationale for that of an administrative entity.
Finally, respondent's determination was not arbitrary or capricious. It was within the enforcement committee's purview to resolve the conflicting evidence. Having done so, the record plainly reveals that petitioners constructed a structure greater than 100 square feet within the 50-foot setback (see Executive Law § 806 [1] [a] [2]) and that they did so without obtaining a variance (see Executive Law § 806 [3]). Respondent's determination finding a violation of Executive Law § 806 therefore cannot be said to be irrational.[FN4] Petitioners' remaining contentions, to the extent not expressly addressed herein, have been evaluated and determined to be without merit.
Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: $1,500 of the fine was due within 30 days of the determination, and the remaining $27,000 was suspended pending satisfactory remediation of the violation by a date certain.

Footnote 2: Petitioners' request for respondent's purported preapplication resolution policies impacts not only petitioners' estoppel argument but also their ultra vires claim. However, Supreme Court concluded that the latter claim had not been properly preserved for judicial review, and petitioners do not challenge the dismissal of said claim.

Footnote 3: It is clear from the record that the enforcement committee viewed the jurisdictional inquiry form initially submitted by petitioners, via their engineering and design firm, as depicting only the proposed location of petitioners' house, with no deck. Upon review, we note that the scaled map attached to the inquiry supports that conclusion.

Footnote 4: We reject petitioners' claim that Supreme Court erred by considering an explanatory affidavit authored by the enforcement officer after issuance of the subject determination (see Matter of Spence v New York State Dept. of Civ. Serv., 156 AD3d 987, 988-989 [3d Dept 2017], lv denied 31 NY3d 905 [2018]; Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of State, 130 AD3d 1190, 1196 [3d Dept 2015]; Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d 1402, 1405 [3d Dept 2012]).