Matter of Frank A. Clemente Two-Year Grantor Retained Annuity Trust (2024 NY Slip Op 00473)

Matter of Frank A. Clemente Two-Year Grantor Retained Annuity Trust

2024 NY Slip Op 00473

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

535199
[*1]In the Matter of the Frank A. Clemente Two-Year Grantor Retained Annuity Trust. Frank Clemente Jr., as Successor Trustee of the Frank A. Clemente Two-Year Grantor Retained Annuity Trust, Respondent; Geri Lee Ide et al., Respondents, and Paul Clemente, Appellant.

Calendar Date:December 14, 2023

Before:Egan Jr., J.P., Pritzker, Ceresia, Fisher and Powers, JJ.

Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for appellant.
Tabner, Ryan & Keniry, LLP, Albany (Eric N. Dratler of counsel), for Geri Lee Ide, respondent.
Hinman Straub PC, Albany (David B. Morgen of counsel), for Robert Clemente, respondent.

Ceresia, J.
Appeal from an order of the Surrogate's Court of Rensselaer County (Paul V. Morgan Jr., S.), entered March 7, 2022, which denied respondent Geri Lee Ide's motion to dismiss a citation.
In 2016, Frank A. Clemente died, leaving assets in several trusts, including the trust at issue in this case. The beneficiaries of this trust were Frank A. Clemente's five adult children, including the trustee, David P. Clemente (hereinafter the trustee). After the trustee filed a petition for judicial settlement of his final accounting of the trust, two beneficiaries, Paul Clemente and Robert Clemente, filed objections and sought, among other things, surcharges against the trustee as well as his removal. The matter was eventually scheduled for trial on several unresolved factual issues but, shortly before trial, the trustee died. Surrogate's Court then, in an effort to ensure that it had jurisdiction over all interested persons, ordered Paul Clemente to provide information necessary for the court to issue citations to the trustee's estate or, if none, to the trustee's presumptive distributees. Paul Clemente submitted a proposed citation for Geri Lee Ide, the trustee's widow and presumptive distributee, and the court issued it via first-class mail. Ide's counsel then filed a verified answer with objections to the court's jurisdiction over Ide and to the continuance of the proceedings without substitution of a proper party for the trustee. At a subsequent court appearance, the court treated the objections as a motion to dismiss the petition and denied it in its entirety. Paul Clemente appeals.
The right to appeal from an interlocutory order — such as the one sought to be reviewed herein — terminates upon entry of a final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]; Matter of Cotazino v New York State Adirondack Park Agency, 214 AD3d 1137, 1140 [3d Dept 2023]). During the pendency of this appeal, the parties entered into a stipulation of settlement on the record in open court. Surrogate's Court thereafter issued a final decree of judicial settlement of the trustee's accounting, attached to which was a transcript of the parties' stipulation. Accordingly, this appeal must be dismissed.[FN1]
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: It is noted that Paul Clemente has filed a notice of appeal from the final decree, which has not yet been perfected. The appeal from that final decree will bring up for review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a] [1]), including a ruling on jurisdictional matters (see e.g. Federal Natl. Mtge. Assn. v Smith, 219 AD3d 938, 940 [2d Dept 2023]; Matter of Joseph II. v Brandy JJ., 210 AD3d 1315, 1317 n 2 [3d Dept 2022]; Matter of Gesmer v Administrative Bd. of the N.Y. State Unified Ct. Sys., 194 AD3d 180, 184 n 4 [3d Dept 2021], appeal dismissed 37 NY3d 1103 [2021]).