Matter of Weinstein v New York State Workers' Compensation Bd. (2026 NY Slip Op 50276(U))

[*1]

Matter of Weinstein v New York State Workers' Compensation Bd.

2026 NY Slip Op 50276(U)

Decided on March 6, 2026

Supreme Court, Schenectady County

Buchanan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2026
Supreme Court, Schenectady County

In the Matter of the Application of Joseph Weinstein, D.O., Petitioner,

againstNew York State Workers' Compensation Board, Respondent, 
 For an Order pursuant to Workers' Compensation Law §13-b reinstating 
 Dr. Weinstein's authorization status to treat injured workers and to perform Independent Medical Examinations.

Index No. 2025-1923

For Petitioner: Paul H. Schafhauser, Esq.For Respondent: David C. White, Esq.

Thomas D. Buchanan, J.

This matter comes before the Court on the Petition of Dr. Weinstein ("Petitioner") pursuant to CPLR art 78 seeking reinstatement of his authorization to treat injured workers under the Workers' Compensation Law. The Petition arises from the denial by the Workers' Compensation Board ("Respondent") of Petitioner's application for renewal of his authorization. Petitioner has also moved pursuant to CPLR 406 for leave to conduct discovery, and for a stay this proceeding pending the completion of such discovery and the completion of a separate CPLR art 78 proceeding brought by Petitioner seeking to compel the Respondent to disclose certain information sought by Petitioner under FOIL. Respondent has answered the Petition and opposes the relief sought both in the Petition and in Petitioner's motion.
Judicial review of administrative agency actions under CPLR art 78 is limited. First, the scope of judicial review of an administrative determination generally is limited to the record before the agency; proof outside that record should not be considered (Matter of Lippman v. Public Employment Relations Bd., 296 AD2d 199 [3d Dept 2002]). Discovery is allowed only with court permission, which should be limited to situations where it is impossible to determine the matter on the submitted papers alone (CPLR 408; Matter of Cotazino v. New York State Adirondack Park Agency, 214 AD3d 1137 [3d Dept 2023]). 
Judicial review of an administrative determination is limited to ascertaining whether it was arbitrary and capricious or an abuse of discretion (Matter of Cohen v. New York State Workers' Compensation Board, 122 AD3d 1222 [3d Dept 2014]). An action is arbitrary and capricious when it is without sound basis in reason and is taken without regard to the facts [*2](Matter of Prestige Towing & Recovery, Inc. v. State of New York, 74 AD3d 1606 [3d Dept 2010]).
In this proceeding, the letter denying Petitioner's application for renewal appears facially sufficient. It is lengthy and detailed, quoting specific records from Petitioner's treatment of Workers' Compensation patients and the Medical Treatment Guidelines asserted by Respondent as having been violated by Petitioner. The Petition contains five causes of action asserting that Respondent's denial was arbitrary and capricious. 
Petitioner makes much of the connection between Respondent's denial of his authorization renewal and his status as a defendant in several civil RICO lawsuits filed by insurance industry entities against a number of healthcare providers. Petitioner's first two causes of action assert "a clear bias toward denial" and a failure by Respondent to conduct an independent investigation. Petitioner argues that cooperation between Respondent and counsel for the plaintiffs in the RICO actions smacks of conspiracy and that Respondent simply adopted the viewpoint of the RICO plaintiffs, effectively allowing them to dictate the outcome his renewal application. 
The administrative record, however, belies Petitioner's argument. The core bases for Respondent's denial stated in Respondent's letter to Petitioner are specific medical treatment records of patients under Respondent's care and Medical Treatment Guidelines published by Respondent. The denial letter cites specific shortcomings in Petitioner's practices and potential adverse consequences for patients indicated by Petitioner's failure to measure up to the Medical Treatment Guidelines. Respondent addresses Petitioner's argument that a spine surgeon did not review his treatment records by pointing out that spine surgeons participate in the development and periodic revision of the Medical Treatment Guidelines. 
Respondent acknowledges that Petitioner was brought to their attention through the RICO actions, but the denial letter does not rely upon the materials obtained from the RICO plaintiffs' counsel. Respondent asserts, and the Court agrees, that investigating physicians accused of misconduct in treating Workers' Compensation patients is part of Respondent's duty. The sinister implications asserted by Petitioner simply do not find support in the record.
Petitioner's third cause of action asserts that reliance on incorrect PAR forms and billing irregularities is not a basis to deny renewal. Crediting this argument, however, does not provide adequate support for the Petition. The litany of improprieties cited in Respondent's denial letter goes far beyond the incorrect use of PAR forms and incorrect billing practices.
Petitioner's final four causes of action assert errors of law and interpretation by Respondent relating to WCL §13-d and Education Law §6530. Both sides acknowledge that this proceeding is a review of Respondent's denial of Petitioner's application for renewal of his authorization to treat Workers' Compensation patients. The purpose of this proceeding is not to review the removal of Petitioner from the list of authorized providers under WCL §13-d, nor is it to review a finding that Petitioner committed misconduct as defined in Education Law §6530. Those situations involve different procedures and Education Law §6530, although it intersects with the Workers' Compensation Law, involves a different administrative body. The denial letter does reference both statutes. However, it does so on the last page — after laying out the results of Respondent's investigation — in a paragraph that begins, "Moreover, this same conduct constitutes . . . ." The Court's reading of this paragraph is that the denial of Petitioner's application does not hinge on its contents. 
The record here contains a factual basis for the action taken by the Board and a sound [*3]basis in reason, so that Respondent's denial must be upheld and the Petition must be denied. This determination can be made from the face of the record and the submission of the parties. Discovery is not required, which renders Petitioner's motion an impermissible attempt to supplement the administrative record (Cotazino, 214 AD3d at 1140-41). 
The parties' remaining contentions have been considered, but do not alter the outcome of Petitioner's motion or this proceeding. Therefore, in consideration of the foregoing, it is hereby
ORDERED, that the motion by Petitioner seeking
-a stay of this proceeding,-leave to conduct discovery and
-consolidation of this proceeding with Petitioner's separate CPLR art 78 proceeding for review of the denial of Petitioner's FOIL request is denied; and it is furtherORDERED, that the Petition is denied.
Dated: March 6, 2026ENTER.Thomas D. BuchananSupreme Court JusticePapers considered:NYSCEF Documents 1 through 49 and 94 through 146, The Administrative Record filed on an external thumb drive.